MORELAND *vs.* STEPHENS, sheriff, *et al.*

1. There being no provision of law for granting a new trial upon motion therefor, on a matter referred in term by consent of parties for decision by the judge without a jury in vacation, the denial of a new trial in such a case is not error.

2. When error is assigned upon the decision of the judge refusing a new trial, and there is no other assignment of error in the bill of exceptions, nothing is for review but the one point, and if for any reason the new trial was properly refused, the judgment will be sustained.

New trial. Courts. Vacation. Before Judge BUCHANAN. Heard County. At Chambers. January 27, 1879.

Moreland ruled Stephens, the sheriff, to show cause why he should not pay over to him certain moneys in his hands for distribution. Whitaker also claimed the fund upon an execution held by him. At the September term, 1878, an order was taken by consent, providing for the hearing of the issues thus formed by the judge in vacation. He adjudged that the sum in controversy be paid out *pro rata* to the two executions. Moreland moved for a new trial upon several grounds. It was overruled and he excepted, the sole error assigned being the refusal of such motion.

SPEER & SPEER, by brief, for plaintiff in error.

C. W. MABRY, for defendants.

BLECKLEY, Justice.

1. The remedy given by law to correct the error of a judge of the superior court "in any matter heard at chambers," is a bill of exceptions. Code, §4251. And a motion for a new trial is not appropriate. *Lester vs. Johnson*, this term.

2. In the present case, there was no writ of error directly upon the decision made by the judge at chambers disposing

of the money upon the rule against the sheriff; that decision was not excepted to and a bill of exceptions tendered and signed, but the dissatisfied party made a motion for a new trial, and the overruling of that motion is the subject matter of the writ of error now before us, and its only subject matter. No other error is assigned. Now, a motion for a new trial not being the remedy to reach any error which the judge may have committed in his judgment disposing of the money, it is certain that the refusal to grant a new trial was not erroneous. This being a sufficient reason for the decision of the judge now under review, it is needless to look for any other.

Judgment affirmed.