## MULLINS *v.* MATTHEWS *et al.*

1. It was error to dismiss the plaintiff's case, on an oral motion made at the trial term, on the ground : " That the alleged four counts in the declaration do not, each or any one of them, present a complete cause of action set forth in distinct and orderly paragraphs as required by law." Such motion, being directed at defects of mere form in the petition, was in the nature of a special demurrer, and should have been filed at the appearance term.
2. The petition set forth, in substance, a cause of action for the malicious abuse of legal process, and was, therefore, not subject to a motion to dismiss in the nature of a general demurrer.

Argued February 2, — Decided March 4, 1905.

Action for damages. Before Judge Reid. City court of Atlanta. March 31, 1904.

*Ben. J. Conyers*, for plaintiff.

*W. H. Terrell* and *Westmoreland Brothers*, for defendants.

Fish, P. J.　E. H. Mullins brought an action against M. E. Matthews and others, returnable to the July term, 1898, of the city court of Atlanta. At the March term, 1904, the defendants made an oral motion to dismiss the case on two grounds: "(1) That [the petition] does not set forth a cause of action against the defendants. (2) That the alleged four counts in the declaration do not, each or any one of them, present a complete cause of action set forth in distinct and orderly paragraphs as required by law." The court thereupon passed the following order: "The motion is sustained on the second ground, and the case will stand dismissed unless, within ten days from this date, the plaintiff amends sufficiently as to matters in said ground complained of." Plaintiff failed to amend within the time prescribed by the order, and thereafter excepted to the granting of the same.

1. The second ground of the motion was aimed at alleged defects of mere form, appearing on the face of the petition; it was in the nature of a special demurrer, and should have been filed at the appearance term. Civil Code, §§ 5047, 5659; *South Carolina R. Co.* v. *Augusta R. Co.* 111 *Ga.* 420 (1); *Green* v. *Hambrick,* 118 *Ga.* 569, 572. The court, therefore, erred in dismissing the case on this ground. Counsel for the defendants in error contend that the judgment of the court is sustained by the ruling made in *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894. In that case it was decided that "While it is permissible to embrace in one petition in different counts as many causes of action as the plaintiff sees proper, provided they are all of a similar nature, still, since the pleading act of 1893, each count must contain a complete cause of action in distinct and orderly paragraphs numbered consecutively; and it is not permissible to make paragraphs of one count a part of another by mere reference to the same." It was accordingly held, that, as two of the counts of the petition failed to set forth the causes of action sought to be embraced therein in orderly and distinct paragraphs numbered consecutively, a motion to dismiss those counts, for such defects, should have been sustained. While it does not affirmatively appear from the opinion delivered in that case when this motion to dismiss was made, the record of the case of file in the clerk's office

of this court shows that the motion was made in writing and filed at the appearance term.    So the decision there made is not at all in conflict with our present ruling.

2. Counsel for defendants in error contend that the judgment below should be affirmed, for the reason that, even if the second ground of the motion was not good at the time when the motion was made, the case should have been dismissed on the first ground; in other words, that the judgment was right, though it may have been based on a wrong reason.    The first ground of the motion being in the nature of a general demurrer, the soundness of counsel's contention depends upon whether the petition set forth, in substance, a good cause of action.    The petition was loosely drawn, but it alleged in substance that the defendants conspired to commit a trespass upon the petitioner's property, and maliciously, and for the purpose of acquiring possession of her property and "plundering the same," seized five wagon-loads of her furniture, worth $3,000, all of which, except a piano and stool, was free from any incumbrance, and stored it "in dirty and inadequate quarters, piled up in confusion," whereby it was damaged in a given amount; that such seizure was made by Miller, one of the defendants, as constable, "under color of a distress warrant for the alleged sum of fifty dollars, claimed to be due by petitioner; that "Said warrant was sworn out by said defendant, Lively, as the agent of said defendant, Matthews, but all of said defendants were present at the time of said seizure, aiding, abetting, and counseling the same;" that, "While said Lively appears as the agent of said Matthews in said proceeding, and in said warrant, petitioner avers that said Matthews was the agent of said Morris, who is the owner of the house for which said rent was claimed, and said Morris was present at the time of said seizure, directing the same;" and that "Said rent was not due as claimed, nor any part thereof due, and defendants well knew this at the time of the levy of said warrant;" that the levy was made while the petitioner was away from home, and upon her return she executed a replevy bond to recover possession of the property, but that a large lot of it, an itemized statement and valuation of which is set out in the petition, was never returned to her, but is still held by the defendants; and that she "was compelled to employ counsel to recover said property

and defeat said pretended claim for rent, at an expense of" a stated amount. General damages were laid in the sum of ten thousand dollars.

We have no hesitancy in ruling that the petition set forth, in substance, a cause of action for the malicious abuse of legal process. "There is a malicious abuse of process where a party employs process legally and properly issued, wrongfully and unlawfully for a purpose which it is not intended by law to effect; and for such malicious abuse of civil or criminal process an action will lie against the plaintiff or the officer responsible for the abuse." 19 Am. & Eng. Enc. L. (2d ed.) 630; Newell on Malicious Prosecution, § 7; *Porter* v. *Johnson*, 96 *Ga.* 145. If the allegations of the petition be true, and they must be so considered in passing upon the motion in the nature of a general demurrer, then, all the defendants were liable for the abuse of the process. It is true that it appears from the petition that a replevy bond was given for the property levied on under the distress warrant, and, presumptively, this was done in connection with the making of an affidavit that the sum distrained for, or some part thereof, was not due, thus converting the distress warrant into mesne process and making an issue to be tried in the proper court; and it is also true that there is no allegation in the petition that such proceedings had terminated. Such an allegation was not essential. It is a well-established rule that an action for damages for the malicious abuse of legal process may be maintained before the action in which such process was issued is terminated. 19 Am. & Eng. Enc. L. (2d ed.) 632, and cases cited. See also *Montague* v *Cummings*, 119 *Ga.* 141. A different rule applies in an action for the malicious use of legal process, where no object is contemplated to be gained by such use other than the proper effect and execution of the process. In such case it is necessary to allege malice, want of probable cause, and that the action on which the process issued has been finally determined in favor of the defendant therein. Newell on Malicious Prosecution, § 7; *Marable* v. *Mayer*, 78 *Ga.* 710; *Hyfield* v. *Bass Furnace Co.*, 89 *Ga.* 827; *McDaniel* v. *Nelms*, 96 *Ga.* 366; *Fulton Grocery Co.* v. *Maddox*, 111 *Ga.* 260. In the case last cited the action was treated as one "for malicious prosecution of a civil action." In *Woodley* v. *Coker*, 119 *Ga.* 226, it was said that, "accurately speaking, and especially under

our code, there can be no such thing as an action for the malicious prosecution of a civil suit, but the action is for the malicious use of civil process." So the action in *Fulton Grocery Co.* v. *Maddox* was really dealt with as being for a malicious use of legal process.          *Judgment reversed.    All the Justices concur.*