284.   MORRIS *et al.,* administrators, *v.* DUNCAN.

No error appears.

Trespass, from city court of Atlanta—Judge Reid.   October 27, 1906.

Argued April 10,—Decided May 24, 1907.

*W. H. Terrell,* plaintiffs in error.   *Ben. J. Conyers,* contra.

POWELL, J.   The principal points made by the plaintiff in error and decided adversely are these:   By reason of a default, the law implied, as against the defendant (now plaintiff in error), a conclusive admission of all the facts alleged in the petition, and he was allowed to contest before the jury only the amount of the damages.   The plaintiff testified that the value of the goods taken by the defendant was so much, and described the damage done to the goods.   The defendant having died and his personal representative being a party, the point was made that the plaintiff was not a competent witness to prove these facts.   The suit being for the malicious abuse of legal process, the judge charged the jury that compensatory damages for the plaintiff's wounded feelings (but not punitive damages, the defendant being dead) might be allowed. The point is made that the plaintiff did not testify that her feelings had been wounded; also that under the circumstances damages for wounded feelings were not recoverable.   The suit was originally against several defendants, all of whom, the petition alleged, resided in Fulton county.   Subsequently all the defendants, except the administrators of Morris, were stricken from the suit.   Several terms after this had occurred (the case in the meantime having gone to the Supreme Court and having been remanded to the

court below for new trial) the defendants, on the last trial of the
case, attempted to prove that neither Morris nor his administrators
had ever lived in Fulton county, but had ever been residents of
DeKalb county. The trial court refused to permit this to be
proved. There was no plea to the jurisdiction. The court charged
the jury that they might in their discretion add interest to the
amount of actual damage they should find in plaintiff's favor; the
point is made that interest during the pendency of the suit should
have been excluded, as the delay in getting the case to final trial
had been occasioned by the plaintiff's laches.

The defendants through their able and untiring counsel have
made a gallant fight, especially so in light of the handicap of the
default encountered at the beginning of the case (see the reports
of the same case, sub nom. *Mullins v. Matthews, 122 Ga. 286,
50 S. E. 101,* and *Morris v. Duncan, 126 Ga. 467, 54 S. E. 1045*) ;
but the end has come at last; for after a close and careful examina-
tion of the record, we find no error, and therefore affirm the judg-
ment recovered by the plaintiff.            *Judgment affirmed.*