### 6425.   ANGRY v. THE STATE.

BROYLES, J.   1.   Error is assigned upon the charge of the court defining manslaughter. The charge objected to is in the language of the Penal Code, § 64, and was properly given, as there was some evidence to authorize the verdict of voluntary manslaughter. See, in this connection, *Bell* v. *State,* 130 *Ga.* 868, 869 (61 S. E. 996).

2. The omission of the judge to charge upon the subject of the relative value of positive and negative testimony, in the absence of a timely written request, is not sufficient ground for a new trial. *Patterson* v. *State,* 134 *Ga.* 264 (3), 267 (67 S. E. 816).

3. There is no merit in the 3d ground of the amendment to the motion for a new trial. The charge complained of was a correct statement of the law, and, under the evidence adduced, including the defendant's statement, was applicable to the facts of the case.

4. The newly discovered evidence (the subject of the 4th ground of the amendment to the motion for a new trial) being impeaching in its character, and having been met by a counter-showing from the State, contradicting the truth of the newly discovered testimony, it can not be said that the trial judge abused his discretion in overruling this ground of the motion. See *Rivers* v. *State,* 8 *Ga. App.* 700 (3), 703 (70 S. E. 50).

5. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.            *Judgment affirmed.*

DECIDED SEPTEMBER 22, 1915.

11

Conviction of manslaughter; from Sumter superior court—Judge Littlejohn.   February 15, 1915.

*Wallis & Fort,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.