26941. OLIVER *et al.* *v.* WAYNE, admx.

DECIDED NOVEMBER 21, 1938.

*E. C. Brannon,* for plaintiffs in error. *G. Fred Kelley,* contra.

BROYLES, C. J.   Mrs. Grace L. Wayne, as administratrix of the estate of M. L. Light, brought an action against H. T. Oliver and F. R. Oliver, to recover principal, interest, and attorney's fees on three promissory notes signed by the defendants and payable to M. L. Light.   These notes were for the principal sums of $1000, $400, and $821, respectively.   The note for $400 appears to have been paid off after suit was filed, and was not offered in evidence. The other two notes were introduced in evidence, but the note for $821 contained no provision for the collection of attorney's fees, and the claim for attorney's fees on it was abandoned.   Each of the notes declared on was secured by a deed to realty, and the petition prayed that a receiver be appointed to take charge of the properties described in those deeds and collect the rents therefrom, and that the defendants be enjoined from "collecting the rents on said properties, and from exercising any acts of ownership thereto;" but, by an agreement between the parties, the receivership and all equitable features were eliminated, and the action proceeded at law for a judgment on the notes and a special lien on the property securing them. In their answer the defendants admitted the execution of "certain notes to M. L. Light," and that they gave him "deeds to secure the payment of said notes," but neither admitted nor denied that "true copies of said papers are set forth," and did not admit that "the credits shown thereon constitute all that has been paid on said indebtedness."   They denied that "sufficient notice for attorney's fees has been served upon either of them to make them liable for attorney's fees;" and further pleaded in paragraph 10 of their answer that "at the time of the filing of this suit there was pending in the Supreme Court  .  .  an action for the same claim and cause of action and between the same parties; that said case is undisposed of, and the outcome of the former suit, if the contentions of plaintiff are correct and the judgment of the court is sustained, will authorize a recovery against them for the debt sued on in this case. The former proceeding was and is proceeding properly in so far as jurisdiction is concerned, and all rights of the plaintiff can be and will be determined by the decision of the Supreme Court in the case of F. R. Oliver vs. Grace L. Wayne, admx., M. L. Light, deceased."   At the conclusion of the evidence the court directed a verdict for the plaintiff, and a verdict and judgment were rendered accordingly.   The defendants filed a motion for a new trial, and their exception is to the overruling of the motion.

Special ground 2 of the motion for new trial complains that the court erred in overruling "the plea in abatement, over the objection of defendants." Evidently reference is had to paragraph 10 of the defendants' answer, which has been set out above. In connection with overruling the plea in abatement the court said: "I don't think that is essential. I am basing this on the record of this former case as it appears in this court, with all entries, the judgment and anything connected with it." "Movant contends that this ruling was error, and then and there excepted to said ruling . . because the record of the former suit was not in evidence, and the stipulation placed in the record . . on page 1 of this brief was not a full and correct statement of the former case, and it further shows . . that defendant denied a portion of the stipulation and disagreed with plaintiff's contentions as stipulated; and if the court had read the pleadings in the former case, . . said plea in abatement would have been sustained. Movant contends that this ruling, to wit, 'I don't think that is material,' prevented defendants from getting the benefit of the plea in abatement and presenting a vital issue in said case." Our view is that the only question presented by this ground is whether the court erred in overruling the so-called "plea in abatement." Conceding, but not deciding, that paragraph 10 of the answer set forth a plea in abatement, the question whether the court erred in overruling the plea is not properly before this court, since the bill of exceptions contains no assignment of error on that judgment, the only exception to the judgment being set forth in the motion for new trial, and it being well-settled law that such a judgment can not be reviewed by this court unless it is specifically assigned as error in the bill of exceptions, and that a ruling upon the pleadings can not be the basis of a ground of a motion for new trial.

Ground 3 avers that the court erred in admitting in evidence "a notice of attorney's fees and the return receipt signed by F. R. Oliver," over the objection that "there was no proof of execution and no proof of service." We hold that there is no merit in the ground. Our subsequent discussion of the assignment of error relating to the direction of the verdict for the plaintiff will shed some light on the foregoing conclusion.

It is urged in ground 4 that the court erred in excluding evidence that five houses located on the property described in the deeds given

to secure the payment of the notes declared on "were renting for $11 per week." The brief of evidence contained this agreement: "Agreement dated October 27, 1936, signed by the plaintiff and defendants, reciting a consideration of settling that part of the petition asking for a receiver, and to obviate the necessity of hearing on the matter, and without prejudice to the rights of the parties, it was agreed that Jeff C. Wayne act as custodian and agent to collect rents from the five houses, to insure the same, evict tenants, make contracts of rent, as attorney in fact, and if necessary to apply the rents to unpaid taxes, and to deduct ten per cent. for his services, and to turn the remainder over to plaintiff or her attorney, to be credited on said notes." It appears that after Mr. F. R. Oliver had testified that he "turned five negro houses over to their agent, and the total weekly rental on them was $11," and that he had collected no rent on said houses since that time, Mr. Jeff C. Wayne testified: "I was selected by the parties for the collection of the rents on these houses. I collected all that was possible. After deducting my commission, there is $237.09. I turned that money over to Mrs. Wayne's attorney or to her. I don't know whether it has been entered on the notes or not." At this juncture the plaintiff's counsel admitted that the credits "had not been entered on the notes, and stated that they had been kept on file for the purpose of making a proper showing in court." Jeff C. Wayne further swore: "I entered on my duties as agent October 26, 1936. I looked after five houses. The total rent due on these houses was $11 per week, but sometimes they would beat me out of it, and I couldn't get the rent." It may not be amiss to state here that it appears from both the verdict and the judgment that the notes were credited with $237.09 "paid since filing suit." If Jeff C. Wayne "used due diligence to keep the houses rented," and "collected all that was possible," and collected $237.09 net and turned it over "to Mrs. Wayne's attorney or to her," he fully complied with his obligation to collect the rents under the above agreement; and the ruling of the court, that testimony that the houses were renting for $11 per week was irrelevant, was correct. We hold that the ground discloses no reversible error.

We come next to the first special ground, which assigns error upon the judgment directing the verdict in favor of the plaintiff and against the defendants, it being stated in this ground that certain

testimony set out therein made an issue of fact as to the service of notice to claim attorney's fees. Mr. F. R. Oliver testified: "That is my signature dated September 5, 1936. I remember receiving notice of attorney's fees by registered mail on these three notes, and I signed for it. I haven't got the notices. I received one, but I don't remember whether that is the kind I received. I did not know what was in the registered letter I signed that receipt for. I did not know at the time. I don't remember whether I got any other registered mail from Mr. Kelley. . . I don't remember whether I received this notice of the 15th of September. He sent me some papers at different times, but I don't remember whether that was the time. I don't remember whether you [Mr. Kelley] sent me the notice of attorney's fees but once or not. I don't remember just exactly what it was, but I got the letter from you." Mr. G. Fred Kelley testified: "Mr. Howard Oliver was served with this notice and, . . acknowledged receiving notice of attorney's fees; and I will state that this is a copy made at the same time, and I think . . in quadruplicate, so as to have a copy for each of them and one for the suit, and I sent a carbon to them and kept a carbon, . . and the copies were all sent at the same time, and on date of copy attached to suit. And these copies of the notice and the original attached to the suit were all made by the same stroke of the typewriter and at the same time—that is my best recollection. I couldn't swear positively about that, but that is my custom; and I can testify that this is a copy of the original that was sent to them." Mr. Brannon then examined Mr. Kelley briefly as follows: "Q. You don't state that was sent the date it appears to be there? A. My recollection is that it was, but the best evidence I could have of that is that [referring to return receipt] it was received the same date of this copy here. I never registered any other mail to Mr. F. R. Oliver except the registered notice. Q. Did you register that or your secretary? A. I had my secretary do it." There was uncontradicted evidence that the defendants signed both the notes in question and the deeds given to secure them; and both the notes and the deeds were introduced in evidence without objection. The correctness of the credits on the notes is not disputed, and, as stated by counsel for plaintiffs in error, after the court had admitted in evidence the attorney's fee notice and the evidence in regard to it, and had ruled out the evi-

dence that the negro houses on the property described in the deeds given to secure the notes declared on rented for $11 a week, "there is but one issue . . , and that is the question of attorney's fees." As previously stated, the note for $821 contained no provision for the collection of attorney's fees, and none were claimed on it. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded." *Sanders Manufacturing Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (2) (35 S. E. 777); *Skinner* v. *Boswell,* 126 *Ga.* 761 (2) (55 S. E. 914); *Griffin* v. *Barrett,* 183 *Ga.* 152, 166 (187 S. E. 828); *Whitson* v. *Haniel-Clark & Son,* 30 *Ga. App.* 625 (118 S. E. 578). Our view is that there was no material conflict in the evidence relating to the notice of intention to claim attorney's fees, and that the evidence, with all reasonable deductions and inferences therefrom, demanded a finding that notice of intention to claim attorney's fees was given in accordance with the requirements of the Code, § 20-506. We hold that the direction of the verdict for the plaintiff was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*