## HARPER v. PERRY.

ATKINSON, Presiding Justice. 1. The remedy by motion for a new trial in the superior court applies to the correction of errors committed on the trial and sufficiency of the evidence to sustain the verdict returned by the jury. Code, §§ 70-202 et seq. It does not apply to correction of errors in a judgment or decree based on a verdict. *Fowler* v. *Johnson*, 151 *Ga.* 122 (*c*) (106 S. E. 90); *Vickers* v. *Robinson*, 157 *Ga.* 731 (7) (122 S. E. 405); *Smith* v. *Aultman*, 160 *Ga.* 364 (2) (127 S. E. 774); *Cook* v. *Powell*, 160 *Ga.* 831 (20) (129 S. E. 546). Accordingly, it is not a good ground of attack on a motion for a new trial complaining of a verdict rendered in an equitable action that it was made and filed before rendition of the decree. *Durrence* v. *Cowart*, 160 *Ga.* 671 (129 S. E. 26).

2. Where a motion for new trial is pending in the superior court, there is no provision of law authorizing the movant to file a second separate original motion for new trial complaining of the same verdict. An instance of that character would not be comprehended by the Code, § 70-303, providing for extraordinary motions for new trial to be made after adjournment of the term of court.

3. In the instant case, at a hearing of the second motion for a new trial the respondent objected to proceeding with the hearing, on the ground that at the time the second motion was filed the movant had already pending in the court an original motion for new trial, complaining of the same verdict. The judge overruled the objections, and after consideration of the case overruled the second motion, and the movant excepted. After the filing of the bill of exceptions by the movant, the respondent filed a separate bill of exceptions in the form of an original bill, in which he recited the filing of the bill of exceptions by the movant, and assigned error on the refusal of the judge to sustain the respondent's objections to proceeding with the hearing of the second motion for a new trial. *Held:* (*a*) The bill of exceptions sued out by the respondent is in substance a cross-bill of exceptions, and entitled to be treated as such in the case presented by the bill of exceptions sued out by the movant. See *Latimer* v. *Bennett*, 167 *Ga.* 811-820 (146 S. E. 762).

(*b*) The judge erred in overruling the respondent's objections to proceeding with the hearing of the second motion for new trial.

(*c*) No question is raised as to whether the judge erred in refusing to sustain the respondent's objections on the ground that the second motion for a new trial was not made during the term at which the verdict was rendered. Any such question would be properly addressed to the merits of the motion for a new trial; and no ruling is made thereon.

*Judgment reversed. All the Justices concur.*

No. 13323. MAY 14, 1940.

*Joe M. Ray* and *E. L. Smith,* for plaintiff.
*H. A. Wilkinson,* for defendant.