### KINSEY *v.* AVANS.

*Gleason & Painter* and *Shaw & Shaw,* for plaintiff in error.
*McClure, Hale & McClure,* contra.

GRICE, Justice. The suit was to enjoin a trespass. There was no prayer for damages. It developed that the sole controversy resolved itself into an issue as to where the line was between the lands claimed by the respective parties. There was considerable evidence concerning where an old fence used to be. The jury returned the following verdict: "We, the jury, established old fence row as line" (signed by the foreman). The motion for new trial recites, that upon publishing this verdict the court instructed the jury that the same was not satisfactory, and that the jury must find either for the plaintiff or the defendant, in accordance with law previously given in the charge to the jury; that the jury thereupon, pursuant to direction of the court, retired to the jury-room. Shortly thereafter the jury again returned, and brought in the following verdict: "We, the jury, find the verdict in favor of plaintiff. This 16th day of September, 1940. [Signed] G. W. Cross, Foreman." Whereupon the court entered a decree conformably to the contentions of the plaintiff. This further recital is contained in the motion: "Movant avers that the jury in its first verdict established the line substantially as contended by movant in his answer and testimony offered in support thereof, and that the first verdict when construed with the pleadings in evidence was in fact a verdict in his favor, and that when the court refused to accept said verdict the jury (apparently in confusion) failed altogether to establish any line between the parties, but returned a verdict for the plaintiff without deciding what the plaintiff was entitled to recover of the defendant, and the same is so uncertain that it could not be enforced by legal judgment. Movant assigns error upon said verdict of the jury and judgment of the court, as being contrary to law."

A movant can not in a motion for new trial properly assign error on the judgment entered upon a verdict. *Harper* v. *Perry,* 190 *Ga.* 233 (9 S. E. 2d, 160). The record contains a statement that the first verdict "has been marked through and stricken." In view of what is in the record, the court refusing to accept the first verdict, the one they brought in on their return the second time must be treated as their verdict. Apparently no ruling of the court

was invoked when the first verdict was delivered. The motion for new trial does not aver that the judge erred in refusing to receive the first verdict, or in directing the jury to return to their room; nor is complaint made that he gave them at any time any erroneous instruction. One searches in vain to find in this ground of the motion any complaint of any decision of the judge with reference thereto. Therefore it must be ruled that the only question presented is whether in a case of this character a verdict finding merely for the plaintiff is so uncertain and confusing that no legal judgment could be rendered thereon, and that therefore it should be set aside on motion. In a suit of the character of this one, when the only specific prayer is for injunction, and the jury as to the form of their verdict were instructed as indicated in headnote 9, it can not be held that the verdict should have been set aside for uncertainty. Construing it in the light of the pleadings, the issues made by the evidence, and the charge of the court, it is not uncertain. *Gray* v. *Junction City Mfg. Co.,* 195 *Ga.* 33 (22 S. E. 2d, 847) ; *Twilley* v. *Twilley,* 195 *Ga.* 291 (24 S. E. 2d, 41).

*Judgment affirmed. All the Justices concur.*