BALLARD *v.* HARMON *et al.*

No. 15903. SEPTEMBER 5, 1947.

R. R. Forrester, Leonard Farkas, and Walter H. Burt, for plaintiff in error.

Jay & Garden and Hoyt H. Whelchel, contra.

HEAD, Justice. (After stating the foregoing facts.) Only the third syllabus of the opinion requires any further statement or explanation.

"A judgment of a trial court, which after a writ of error stands unreversed, or to which no exception has been taken, is the law of the case." Palmer v. Jackson, 188 Ga. 338 (4 S. E. 2d, 28). The bill of exceptions which attacked the final decree was dismissed by this court (Ballard v. Harmon, 200 Ga. 813, 38 S. E. 2d, 437). Until such time as the judgment entered overruling the exceptions of law and fact to the finding of the auditor shall be reversed or set aside, such judgment stands as the law in this case. In order for the plaintiff in error to procure any further relief, the judgment of the trial court overruling his exceptions of law and fact to the auditor's report, and the subsequent final decree, must both be vacated and set aside. If the plaintiff in error relies on his so-called extraordinary motion for new trial as a proper procedure to vacate and set aside existing judgments, he is confronted with the rule that a motion for new trial is not the proper remedy to correct an alleged error in any judgment or decree entered by the trial court. See Moreland v. Stephens, 64 Ga. 289; Creech v. Richards, 76 Ga. 36; Barber v. Barber, 157 Ga. 188 (121 S. E. 317); Smith v. Wood, 189 Ga. 695 (7 S. E. 2d, 255); Harper v. Perry, 190 Ga. 233 (9 S. E. 2d, 160); Williams v. Cross, 197 Ga. 295 (28 S. E. 2d, 924).

The Code, § 110-501, provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein

the judgment was rendered, until such judgment shall be reversed or set aside."

All of the evidence now relied upon as grounds of newly discovered evidence to support the extraordinary motion for new trial was submitted to the trial court in the exceptions filed to the auditor's report, or by the exercise of any degree of diligence could have been so submitted. Relied upon as newly discovered evidence (not before the court in the exceptions filed) is the evidence of G. R. Hogg, who states that there are errors in his audit which was filed as a part of the auditor's report. His affidavit does not point out or enumerate any such errors and states no facts that would authorize a different finding.

Matters which have been submitted to the consideration of the trial court, and an adverse ruling obtained thereon, can never be a proper subject-matter as grounds for an extraordinary motion for a new trial.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*