33532. LUNSFORD *v.* FERRELL.

38

DECIDED NOVEMBER 30, 1951.

40

*William F. Lozier,* for plaintiff in error.

*Houston White, Emory A. Schwall,* contra.

WORRILL, J. (After stating the foregoing facts.) █ In the statement of facts we did not set forth in detail the specific items of setoff claimed by the defendant, since the record shows that all of such items except that of $860 and that for State and county taxes for 1945, 1948, and 1949, in the total sum of $141.46, were allowed, the total of such setoffs being $968.90. The defendant filed exceptions pendente lite to the judgment disallowing these items, but in his brief insists only as to the alleged error in disallowing the item of $860. This amount is alleged to have been paid as follows: "Payment made to the Marshal, Civil Court of Fulton County, on May 15, 1950, in suit No. 198915, Civil Court of Fulton County, in a foreclosure action brought by American Service Co. against property conveyed by Ellis Ferrell to Mrs. Mary Caldwell by deed to secure debt which is attached hereto as Exhibit 1, the said foreclosure property being also included in the deed under power from Ellis Ferrell to Joel Lunsford dated October 5, 1949, and recorded in Deed Book No. 2446 at page 437, a copy of said deed under power from Ellis Ferrell to Joel Lunsford being attached hereto marked Defendant's Exhibit 2 . . $860." The suit was brought on March 6, 1950, and no citation of authority is necessary in holding that this setoff, since it had not accrued to the

defendant at the time of the filing of the suit, was properly stricken on demurrer.

■ The plaintiff in error contends that the general grounds of the motion for a new trial were erroneously overruled by the court, for the reasons: (a) the disallowance of the setoff of $860 was contrary to law and the principles of justice; (b) the present action for money had and received was not maintainable, but should have been one on a specialty, the security deed here involved; and (c) the action of assumpsit is not maintainable where there is an express contract for repayment of the money sought in the action for money had and received. The objection (a) is not one that could be argued under the general grounds. The disallowance of the setoff of $860 arose in response to a ruling on the plaintiff's demurrers and, as ruled in division 1, supra, the setoff was properly stricken. The objections (b) and (c) are also without merit. To the original petition the defendant filed a general demurrer and this was overruled. It was thereby adjudicated that the plaintiff was entitled to proceed with his action as laid. Furthermore, the objection here is made for the first time in a brief filed in this court, and comes too late.

If we are in error in our understanding that the plaintiff in error means to restrict his objections to (a), (b), and (c), and really intends to insist, for any reason that might be found by this court, that the general grounds were erroneously overruled, because the judgment of the court without the aid of a jury was contrary to the evidence, without evidence to support it, and contrary to the law and principles of justice and equity, the following must be said: As shown in the statement of facts, the $2600 note represented $2000 principal and $600 interest, and was usurious; and the plaintiff had already paid $563.42 on the note, and hence he owed only $1436.58. The property was sold for $3950, leaving an overplus of $2513.42. The court found that the defendant was entitled to a total setoff of $968.90, and this was authorized by the evidence. The objection of the plaintiff in error is only that he was also entitled to a setoff of $860, which, as we have shown above, was properly stricken on demurrer. The court correctly found that the net amount was the difference between $2513.42 and $968.90, and entered judgment for this amount plus interest to the date of judgment and

future interest at 7% per annum. It therefore follows that the general grounds of the motion for a new trial are without merit.

■ The first special ground assigns error on the overruling of a plea of the defendant that a receivership of the plaintiff was pending in Fulton Superior Court, and hence the plaintiff has no right to bring an action, but any claim of the plaintiff should be brought by the receiver. Before this court can consider a trial court's ruling on a plea, an exception must be properly preserved and presented by one of two methods: (1) exceptions pendente lite to such judgment may be filed within twenty days and error assigned thereon when the case is ultimately brought here by bill of exceptions; or (2) if the case is brought here by bill of exceptions to a final judgment, or to a judgment which would have been final if rendered as the complaining party contends it should have been, and if such bill of exceptions is tendered to the trial judge within twenty days of the date of the ruling on the plea, an exception to the ruling and an assignment of error thereon may be included in such main bill of exceptions. *Turner* v. *Barber,* 131 *Ga.* 444, 445 (6) (62 S. E. 587); *Carter* v. *State,* 77 *Ga. App.* 60 (1) (47 S. E. 2d, 815). Since rulings on the pleadings can not be excepted to in a motion for a new trial (*Fechtel* v. *Chastain,* 79 *Ga. App.* 517, 54 S. E. 2d, 459), the overruling of a plea can not be a ground of a motion for a new trial (*Turner* v. *Spell Live Stock Co.,* 31 *Ga. App.* 343 (1), 120 S. E. 786; *Butler* v. *Georgia Agricultural Credit Corp.,* 37 *Ga. App.* 390 (2), 140 S. E. 426), and the question of whether or not the court erred in overruling the plea is not properly presented to this court and will not be considered. *Henley* v. *Colonial Stages South,* 56 *Ga. App.* 722, 725 (193 S. E. 905); *Oliver* v. *Wayne,* 58 *Ga. App.* 787, 789 (199 S. E. 841).

■ Special ground 2 assigns error on the court's allowing a witness to testify—in connection with a note (plaintiff's Exhibit 1) in which the plaintiff promised to pay $2600 with interest—that the plaintiff actually received only $2000. The court allowed the testimony over the objection that it would be parol evidence to vary a written contract. "It is a well-settled rule that, in the absence of fraud, accident, or mistake, parol evidence is ordinarily inadmissible to vary the terms of a written contract. This, however, is not true where the contract out of which the

suit arises is tainted with usury, and that fact is sought to be shown." *Flood* v. *Empire Investment Co.*, 35 *Ga. App.* 266, 269 (133 S. E. 60). In his brief, counsel for the defendant argues that this evidence was not admissible under the pleadings. Even if this contention has merit, it will not be considered, because a ruling by the trial court was not invoked on this question and was not given. *Norton* v. *State,* 73 *Ga. App.* 307, 308 (36 S. E. 2d, 120).

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*