34360.   ECHOLS *v.* THE STATE.

Decided January 24, 1953—Rehearing denied February 12, 1953.

*S. S. Robinson, James R. Venable,* for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) In *Moon v. State,* 51 *Ga. App.* 70 (179 S. E. 589), it is held: "Where a ground of a motion for a new trial based on newly discovered evidence is filed, and a counter showing is made, so that a conflict arises as to the material facts upon which the ground is based, a reviewing court will not, except in a case of manifest abuse of discretion, reverse the finding of the trial judge." See also *Ballard* v. *Harmon,* 202 *Ga.* 603 (44 S. E. 2d, 260) ; *Angry* v. *State,* 17 *Ga. App.* 161 (86 S. E. 403). It is the contention of counsel for the defendant that this rule does not apply where the counter-affidavits do not deny facts stated in the affidavits of Brown and his sister that they saw Washington, whose reputation for liquor was bad, in the vicinity where the moonshine

was buried. The counter-affidavits do state, however, that no bootlegger named James Washington is known to deponents, who are law-enforcement officers; and they also contain contradictory statements made by Katie Lou Brown at the time of the arrest, and attacks upon the veracity of her brother, and contradictory statements which, if believed, would lead to the conclusion that Brown was not living in the house at the time his affidavit shows him to have been there. If it should be said that the counter-affidavits fail to deny positively the statements concerning the presence of James Washington, it may be argued with equal force that the presence of Washington at the time and place in question is not incompatible with the guilt of the defendant, since Washington might well have been either buying from or selling to the defendant, or might have been engaged in the business with him. Aside from the question of whether or not the defendant used proper diligence in obtaining the testimony he now seeks to use (see *Williams* v. *State*, 192 *Ga.* 247, 254, 15 S. E. 2d, 219; *Republic Truck Sales Corp.* v. *Padgett*, 30 *Ga. App.* 474 (10), 118 S. E. 435), it must appear that such newly discovered evidence is of such strong probative value as to render it probable that a different result would have been reached had the jury had it before them. *McDaniel* v. *State*, 74 *Ga. App.* 5 (38 S. E. 2d, 697); *McCoy* v. *State*, 193 *Ga.* 413 (18 S. E. 2d, 684). The trial judge did not abuse his discretion in holding in effect that such evidence did not measure up to this standard, and in overruling the extraordinary motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*