20683. KING *v.* PATE *et al.*

MOBLEY, Justice. The plaintiff brought his petition in the Superior Court of Gordon County, in which he sought specific performance of an option to renew a lease contract, and an injunction to prevent one of the defendants, E. C. Pate, from prosecuting a dispossessory warrant against the plaintiff to evict him from offices occupied by him. The defendants interposed their special plea of estoppel by former judgment to the petition, and the plaintiff demurred thereto. The trial court overruled the demurrer to the plea of estoppel by former judgment; overruled the plaintiff's special demurrer to paragraph 18 of the defendants' answer which raised the same issue of estoppel by former judgment as was raised in the spe-

cial plea; and overruled the plaintiff's special demurrer to paragraph 19, in which the defendants alleged that the plaintiff was acting in bad faith and was being stubbornly litigious, and in which they asked for attorney's fees for the defendants' counsel. The court sustained the defendants' special plea and dismissed the petition. The exceptions are to those rulings. *Held*:

1. The bill of exceptions recites that the trial court, "without hearing any evidence whatsoever, except that the judge considered the exhibits attached to said special plea in said case," sustained the plea of estoppel by former judgment and dismissed the petition. It was error to sustain the plea of estoppel by former judgment without hearing evidence establishing the truth of the allegations of the plea. See *Salter* v. *Heys*, 207 *Ga.* 591, 595 (3) (63 S. E. 2d 376), where it is said: "This point is controlled by the ruling in *Glaze* v. *Bogle*, 105 *Ga.* 295 (31 S. E. 169), where this court said: 'The court, when the plea of res adjudicata was read, without any evidence having been introduced, directed the jury to sustain the plea by finding a verdict for the defendants. We think this was error. This plea should have been proved just as any other. While it was true that the judgment pleaded was alleged to have been rendered by the same court, upon the same cause of action, and that this judgment was on the records of the court, still we think that the burden was on the defendant to show the truth of the plea, and that the court could not, without proof, take such judicial cognizance of its records as to direct a verdict in this case. When such a plea is filed, the defendant assumes the burden and must show its truth to the court and jury. There is nothing in the record to show any admission by the plaintiff of the truth of the plea, and the judgment set up, not being rendered in the same case, could not be judicially recognized by the court without proof.' " The pleadings, which included the exhibit, were not evidence unless introduced in evidence; and the record does not disclose that this was done in this case. "For the plea of res adjudicata to avail, the declaration, verdict and judgment in the former action should be introduced in evidence. Simply attaching copies of them to the plea is not sufficient." *Findley* v. *Johnson*, 84 *Ga.* 69 (4) (10 S. E. 594). The same rule is applicable to a plea of estoppel by former judgment.

2. "This court will in no case undertake to pass upon the questions presented in a bill of exceptions when, even if the answers be favorable to the complaining party, the rulings made could not possibly result in any substantial benefit to such party." *Smith* v. *Robinson,* 212 *Ga.* 761 (2) (95 S. E. 2d 798). This court will not pass upon these questions presented by the exception to the judgment overruling the plaintiff's demurrer to the special plea and his special demurrer to paragraph 18 of the answer, because a ruling favorable to King would avail him nothing. In the instant case, King seeks specific performance of the option to renew a lease which the Court of Appeals in *King* v. *Pate,* 99 *Ga. App.* 500 (109 S. E. 2d 282), held to have expired. In that case, a dispossessory proceeding brought by E. C. Pate, one of the defendants herein, against King, the Court of Appeals held that King had failed to renew the lease prior to its expiration; and held that King's attempt to renew the lease three months after its expiration was made too late, since King at that time was merely a tenant at will and since "no action taken by him alone could create a new lease or renew the expired lease" at that time. The issues which are raised in the dispossessory proceeding and have already been decided between E. C. Pate and King in the previous case, in which the cause of action was different from the cause of action in this case, but in which the subject matter is the same. As between King and E. C. Pate, King is estopped by the former judgment from securing specific performance of the lease agreement. See *Sumner* v. *Sumner,* 186 *Ga.* 390 (2) (197 S. E. 833), and cases cited. Even if he should be entitled to specific performance as to Mrs. E. C. Pate, one of the co-owners of the property, he could not get specific performance of the lease since one of the tenants in common alone could not grant the lease; and the Court of Appeals decision (*King* v. *Pate,* 99 *Ga. App.* 500, supra) settled it that King's lease had expired, that he was a tenant at will, and that he had no right to renew the lease, thereby estopping him from litigating those same issues in other proceedings such as this action for specific performance.

3. The trial court erred in overruling the demurrer to paragraph 19 of the defendants' answers in which it was alleged that the plaintiff had acted in bad faith, had been stubbornly litigious, and had caused the defendants unnecessary, unwar-

596

ranted, and uncalled-for trouble and expense in failing to vacate the premises specified in the dispossessory warrant, and in which they prayed to recover $1,000 damages for attorney's fees. A defendant cannot avail himself of the provisions of Code § 20-1404, which provides as follows: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." In *Fender* v. *Ramsey & Phillips*, 131 *Ga.* 440, 442 (62 S. E. 527), this court said: "A litigant is not subject to be penalized by the award of damages whenever he loses his case. Otherwise, every man would enter the doors of the court house, no matter how honestly or with what probable cause, with the danger of damages hanging over him . . . The recovery of this character of damages [those provided for in Code § 20-1404] presupposes a right on the part of the plaintiff to bring the action, and deals with the question of the measure of damages recoverable." See also *Busbee* v. *Sellers*, 71 *Ga. App.* 26 (29 S. E. 2d 710), where it was held that a defendant could not, in a counterclaim, recover attorney's fees under the Code section in question. It is not necessary to decide in this case whether or not a defendant might in a cross-action avail himself of this Code section.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED NOVEMBER 9, 1959—DECIDED JANUARY 8, 1960.

*James Maddox, Harbin M. King,* for plaintiff in error. *James B. Langford,* contra.