45140. KING v. THE STATE.

EBERHARDT, Judge. Appellant and another were indicted for assault with intent to murder in that they "did unlawfully, with malice aforethought, assault, cut, stab and wound one Dwight Pledger with a knife, and did assault, strike and beat the said Pledger with their hands and fists, the said knife and the hands and fists of the accused when used in said manner, being weapons likely to produce death." King was convicted and now appeals from the denial of his amended motion for new trial. *Held:*

1. The general grounds are without merit.

2. A request to charge that "hands and fists are not per se deadly weapons, and unless you believe beyond a reasonable doubt that these defendants used their hands and fists in a manner likely to produce death, with the intent then and there to kill, you would not be authorized to find the defendants guilty," was properly denied because it was not adjusted to the evidence. It omits all reference to the knife mentioned in the indictment and, according to the testimony of Dr. Dayer, the attending physician, the prosecutor was stabbed eight times—four in the stomach, once in the back, once in the left arm and twice in the other—the wounds having been made by "a knife or a sharp instrument." The request must be abstractly correct, pertinent and adjusted

to the evidence. *Bullington v. Chandler,* 110 Ga. App. 803 (2) (140 SE2d 59); *Bassett v. State,* 119 Ga. App. 639 (2) (168 SE2d 343).

3. The enumeration assigning error upon a questioning of the defendant who testified under oath (two questions by the court) and a witness who was on cross examination (a total of 41 questions, asked intermittently through the examination) is without merit. The only limitation on the right of the judge to interrogate parties or witnesses who testify is that he shall not express an opinion as to what has or has not been proved. *Parker v. State,* 51 Ga. App. 295 (2) (180 SE 390). An examination of the several interrogations by the court reveals no expression of opinion. Moreover, there was no objection or motion for mistrial on the basis of the court's questioning, and no error could be shown. *Moore v. McAfee,* 151 Ga. 270 (106 SE 274); *Cline v. State,* 49 Ga. App. 16 (2) (174 SE 194).

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED MARCH 3, 1970—DECIDED MARCH 6, 1970.

*John Kirby, Andrew A. Smith,* for appellant.

*Lewis R. Slaton,* District Attorney, *Carter Goode, Tony H. Hight,* for appellee.