### 47622. HICKMAN v. FRAZIER.

STOLZ, Judge. 1. In this action for ejectment and loss of rents, the trial judge erred in entering judgment for the defendant on her counterclaim for "expenses of litigation" on account of the plaintiff's alleged bad faith, stubborn litigiousness, and causing the defendant unnecessary trouble and expense.

The general rule is that expenses of litigation, including attorney's fees, are not recoverable by a litigant against the opposite party except in those cases which are specifically provided for by contract or by statute. *Harrison v. Harrison,* 208 Ga. 70 (1) (65 SE2d 173) and cit. "A defendant, as against a plaintiff [i.e., by counterclaim], cannot avail himself of the provisions of Code § 20-1404 (*King v. Pate,* 215 Ga. 593 (3) (112 SE2d 589))." *Pitman v. Dixie Ornamental Iron Co.,* 122 Ga. App. 404 (3) (177 SE2d 167).

2. "The entry of judgment on a verdict by the trial court constitutes an adjudication by the trial court as to the sufficiency of the evidence to sustain the verdict, affording a basis for review on appeal without further ruling by the trial court." Code Ann. § 6-702 (a) (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 494). Even in the absence of a motion for new trial, therefore, and regardless of the efficacy of the plaintiff's motion to dismiss the counterclaim (which motion was not prosecuted), the appeal from the judgment on the verdict, together with the enumeration of errors, which asserted the three usual general grounds of a motion for new trial and attached the counterclaim as one not maintainable

under the law, give this court jurisdiction to reverse the judgment on the verdict as being contrary to law.
*Judgment reversed. Bell, C. J., Hall P. J., Eberhardt, P. J., Quillian and Clark, JJ., concur. Pannell and Deen, JJ., concur specially. Evans, J., dissents.*
ARGUED NOVEMBER 6, 1972 — DECIDED MARCH 2, 1973 — REHEARING DENIED MARCH 20, 1973.

*Saul, Bowen & Blount, Percy J. Blount,* for appellant.
*George W. Fryhofer,* for appellee.

PANNELL, Judge, concurring specially. I concur in the rulings made in the majority opinion, but think more should be said about the two prior actions by the same plaintiff, one of which was against this same defendant in 1971. The "counterclaim" is couched in such general terms that it could include abuse of legal process in the 1971 action and could be construed to be a cross action properly admitting of proof that the 1971 action caused the damages complained of, that is, expenses of litigation, or if evidence thereto be admitted without objection it would authorize a verdict as under a cross claim for damages occasioned by the 1971 action; however, all the proof as to damages went to the expenses of litigation in the present action. It follows, therefore, that since the only damages proved went to the expenses of litigation in the present action, the verdict was unauthorized, as the majority opinion holds.

DEEN, Judge, concurring specially. I would reverse, based on the specific reason pointed out in Judge Pannell's special concurrence. This, of course, goes only to the subject matter of the counterclaim based on abuse of process and the punitive damages related thereto. It does not go to the main action by the plaintiff who sought to recover possession of the land; this issue was properly decided in favor of the defendant. The judgment in the case should read affirmed in part and reversed in part;

that is, affirmed as to the jury verdict against the plaintiff on her cause; reversed as to the award of damages to the defendant.

EVANS, Judge, dissenting. The majority opinion reverses the trial court, and holds that defendant was not entitled to file and prosecute her counterclaim for damages in this action.

Marian Hickman, as plaintiff, filed suit against Josie Frazier, as defendant, to recover a certain tract of land in Burke County, alleging that Frazier was in possession of Hickman's land. Frazier filed an answer and counterclaim, in which she alleged plaintiff was guilty of bad faith in prosecuting said action, has been stubbornly litigious, and has put defendant to unnecessary trouble and expense of litigation in the amount of $3,000.

1. This case should terminate favorably to defendant, at the very outset, whereby the lower court would be affirmed, on one point alone. The plaintiff filed a written motion in the lower court to dismiss defendant's counterclaim in the following language, to wit: "1. That the counterclaim does not state a claim upon which relief can be granted. 2. That the counterclaim sounds in an action for damages for abuse of process, and such an action is not maintainable under the laws of the State of Georgia by way of a counterclaim." But plaintiff never did invoke any ruling on the merits of said written motion to dismiss, and the trial court dismissed same for want of prosecution. Plaintiff did not enumerate error on the trial court's failure to rule on the merits of her written motion, nor did she enumerate error on the trial court's action in dismissing said motion for want of prosecution. But she did enumerate error touching this question in this language, to wit: "The court erred in allowing the case to go to the jury on counterclaim filed by appellee, as case sounded in abuse of process and attorney's fees, the same not being maintainable in a cross action under

the law." Of course, this language does not raise the point as to whether the trial court erred in dismissing the written motion for want of prosecution. And, of course, no error can be successfully shown in allowing the jury to pass on a counterclaim to which plaintiff's objection had been dismissed for want of prosecution.

2. This court is without power to pass upon a question which was by plaintiff abandoned in the lower court, and especially when error is not enumerated thereon, as is plainly shown by the following authorities: *McKenzie v. Guaranteed Bond &c. Co.,* 168 Ga. 145 (5) (147 SE 102); *Alexander v. Slear,* 177 Ga. 101 (4) (169 SE 304); *Velkey v. Grimes,* 214 Ga. 420 (105 SE2d 224); *N. A. A. C. P. v. Overstreet,* 221 Ga. 16, 30 (142 SE2d 816); *Lunsford v. Ferrell,* 85 Ga. App. 37 (2) (68 SE2d 153); *King v. State,* 121 Ga. App. 347 (3) (173 SE2d 746); *Sheard v. State,* 121 Ga. App. 666 (175 SE2d 148); *Canal Ins. Co. v. Lawson,* 123 Ga. App. 376 (2) (181 SE2d 91).

Again, these authorities clearly demonstrate that this case should stop right here; that it is not necessary to consider the remaining portions of this dissent; and that the majority opinion incorrectly reversed on a point that is not properly before the court.

3. Further, there being no appeal from the trial court's actions respecting plaintiff's attack on defendant's counterclaim; same stands as the "law of the case" and establishes conclusively that defendant's counterclaim set forth a legal cause of action and right to prosecute same for the wrongs therein complained of, and to recover the damages therein prayed for. In *Miller v. Coleman,* 213 Ga. 460 (3) (99 SE2d 905) it is held: "A judgment of a trial court, which after a writ of error stands unreversed, or to which no exception has been taken, is the law of the case." Citing *Palmer v. Jackson,* 188 Ga. 336, 338 (4 SE2d 28); *Ballard v. Harman,* 202 Ga. 603, 605 (44 SE2d 260).

4. The majority opinion seeks to disregard the "law of the case" as established by the plaintiff's attack on the counterclaim, and the subsequent actions respecting same, and asserts that under Code Ann. § 6-702 (a), the sufficiency of the evidence to sustain the verdict may be reviewed by a simple appeal on that question. But such appeal cannot upset the "law of the case" and have a question reviewed which has been finally adjudicated.

5. The majority opinion at page one cites three cases which hold that the general rule does not permit recovery of expense of litigation except in those cases specially provided for. *Those cases support defendant's position, and her counterclaim. Harrison v. Harrison,* 208 Ga. 70 (1) (65 SE2d 173), specially provides that such expense *may be recovered* "where the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." The holding in *King v. Pate,* 215 Ga. 593, 596 (112 SE2d 589), is the same as above; while *Pitman v. Dixie Ornamental Iron Co.,* 122 Ga. App. 404 (3) (177 SE2d 167), provides that in an action for "malicious *use* of process" it must be shown that the former action has terminated favorably to the plaintiff.

6. The evidence in support of the defendant's counterclaim in this case shows an earlier case between these same parties, which has terminated favorably to defendant. But actually defendant's counterclaim is for malicious *abuse* of legal process and not for malicious *use* of legal process. As to cases for malicious *abuse* of process there is no requirement that the first case shall have terminated prior to institution of the second case. *Brantley v. Rhodes-Haverty Furniture Co.,* 131 Ga. 276 (1) (62 SE 222); *McElreath v. Gross,* 23 Ga. App. 287 (98 SE 190); *Vandalsem v. Caldwell,* 33 Ga. App. 88 (125 SE 716).

7. Formerly, although malicious abuse of process could be sued for prior to termination of the action in which malicious abuse of process appeared, the action for

malicious abuse could not be litigated *in the same action;* it had to be litigated by separate suit. *Ellis v. Millen Hotel Co.,* 192 Ga. 66 (14 SE2d 565); *Werk v. Big Bunker Hill Mining Corp.,* 193 Ga. 217 (17 SE2d 825); *Alexander v. C. & S. Nat. Bank,* 212 Ga. 295 (4) (92 SE2d 16).

8. But under the new Civil Practice Act, effective September 1, 1967 (Code Ann. § 81A-186) both plaintiffs and defendants are required to set up all claims that each has against the other, if it arises out of the transaction for which suit is filed (Code Ann. § 81A-113 (a); § 13 CPA; Ga. L. 1966, pp. 609, 625) and may state as a counterclaim any claim not arising out of the transaction for which suit is filed (Code Ann. § 81A-113 (b), supra).

9. Formerly the issues between the litigants were made by the pleadings, but under the Civil Practice Act, pleadings do not assume the importance and function as formerly. Now they are denominated "notice pleadings." *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2) (163 SE2d 327); *Hunter v. A-1 Bonding Service, Inc.,* 118 Ga. App. 498 (2) (164 SE2d 246). And the issues are developed from the pleadings and *from the evidence introduced.*

10. Defendant did not rely solely on malicious abuse of legal process in this action; other malicious litigation was shown. It was proven, without objection, that plaintiff was a litigious person; that in 1964 she filed suit in ejectment against the trustees of a Methodist church in Girard (Burke County) to recover certain land, and then voluntarily dismissed her suit; that in 1964, during the life-time of defendant's husband, plaintiff sued him for injunction as to the identical land and landline involved in the present action, which suit terminated unfavorably to plaintiff; that in 1971, plaintiff instituted and prosecuted a dispossessory warrant proceeding against defendant involving the identical land-line and property involved in the present action, which also terminated unfavorably to plaintiff. Thus, the same land-line and

property had already been litigated twice before, by the plaintiff, and the jury very properly could have concluded that she was proceeding maliciously and in bad faith, and for no other purpose than to harass defendant and drag her into court, and subject her to annoyance and vexation, and to expense of attorney fees and inconvenience of being involved in litigation.

11. Did plaintiff abuse the process of the court in the instant case? After defendant had filed her answer, she served interrogatories on plaintiff on April 12, 1972. *Plaintiff had no intention whatever of ever filing an answer to these interrogatories,* but nevertheless on the very next day she served interrogatories on defendant, compelling defendant to answer, which answer was properly and timely filed by defendant on April 27, 1972. *But plaintiff never did answer the defendant's interrogatories,* thus converting the action into a one-sided and unilateral proceeding, by which plaintiff required defendant to live up the letter of the law, while plaintiff completely ignored both the letter and spirit of the law. *Plaintiff knew when she filed the suit, and also when she filed and served interrogatories on defendant, that she was not going through with the case, but intended to dismiss it,* just as she had dismissed the case she brought against the trustees of the Methodist church of Girard. And she also knew that this particular land-line had been by her twice litigated before, once with plaintiff's husband in 1964, and later with plaintiff in 1971, and that both times it was proven and adjudicated by the court of record that plaintiff was wrong in her contentions as to said land and land-line. Pursuant to this knowledge, on May 8, 1972, plaintiff wrote the clerk of court to dismiss the action, for the reason that "Mrs. Josie Frazier removed her encroachment from the premises ." This alleged reason for dismissal *was false,* as Mrs. Frazier had not removed any encroachment (a fence) *but Mrs. Hickman, plaintiff, herself had done so,* and had

admitted her conduct as to such removal to other reliable and responsible persons. Defendant objected to plaintiff's attempted dismissal of the lawsuit, which objection was by the court sustained. On the day the case was called for trial before a jury, plaintiff filed a written motion to dismiss defendant's counterclaim, which has already been described herein. *But she did not insist on said motion to dismiss; did not invoke any ruling of the court on the merits thereof, and did not prosecute same in any fashion; and the trial judge entered a written order thereon dismissing same for want of prosecution.* The jury returned a verdict for defendant for $3,000.

12. The evidence in this case must be construed most favorably towards upholding defendant's verdict. See *Boatright v. Rich's,* 121 Ga. App. 121 (1) (173 SE2d 232). The jury in this case had no difficulty in deciding that plaintiff's conduct was malicious, was in bad faith, and was without any reason to think plaintiff could prevail in the case, and was without any intention on her part to go through with the case to an ultimate trial, but was with the intention of harassing defendant and causing her annoyance, inconvenience and expense of litigation. Further, the jury was authorized to conclude that after maliciously bringing the action, plaintiff maliciously employed the processes of the court to require defendant to answer interrogatories, although plaintiff did not intend to answer defendant's interrogatories (and she never did answer them), but attempted thereafter to dismiss the case, *for a falsely assigned reason.*

13. Defendant's case here is fortified by proof of earlier litigation and conduct of plaintiff therein; by the present action; and by plaintiff's perversion of the processes of the court *after institution of this action and during the litigation.*

14. To constitute malicious abuse of legal process it is only necessary to show that plaintiff has wrongfully used legal process; or has employed process for some object not

intended by law. *Mullins v. Matthews,* 122 Ga. 286, 288 (50 SE 101); *Brantley v. Rhodes-Haverty Furniture Co.,* 131 Ga. 276 (2), supra; *King v. Yarbray,* 136 Ga. 212 (71 SE 131); *McKellar v. Moynihan,* 28 Ga. App. 431 (111 SE 580); *Collier v. Buice,* 36 Ga. App. 198 (136 SE 287).

15. Where plaintiff has an ulterior motive and commits an act in abuse of process not proper and regular in prosecution of the proceeding, this suffices to show malicious abuse. *Whitehead v. Southern Discount Co.,* 109 Ga. App. 126, 127 (135 SE2d 496). If process issues for purpose of humiliating or harassing defendant, and if put to some unauthorized use, this constitutes malicious abuse of process. *Davison-Paxon Co. v. Walker,* 174 Ga. 532, 535 (163 SE 212).

16. While the defendant did not especially use the words "malicious abuse of legal process" in her counterclaim, this was unnecessary. The plaintiff recognized the nature of the counterclaim, and in her written motion to dismiss denominated same a proceeding for "abuse of process." There is no magic in mere nomenclature. *Girtman v. Girtman,* 191 Ga. 173, 180 (11 SE2d 782).

17. The evidence must be construed most favorably toward upholding the verdict. *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1), supra, and cits.

For all the foregoing reasons, I dissent from the judgment of reversal. I would affirm the judgment.