TUCKER *v.* CITY OF OCILLA *et al.*

No. 17902. SUBMITTED JUNE 9, 1952—DECIDED JULY 15, 1952.

*McDonald & McDonald*, for plaintiff in error.

*W. R. Mixon*, contra.

HAWKINS, Justice. A filling station does not constitute a nuisance per se. *Rushing* v. *Thigpen*, 200 *Ga.* 313 (2) (37 S. E. 2d, 180), and citations.

Section 3 of the act (Ga. L. 1946, p. 191; Code, Ann. Supp., § 69-803) provides in part: "In each municipality in which the governing authority undertakes to exercise the powers conferred in this Chapter such authority shall appoint a board of not less than three or more than seven members to be known as the Municipal Planning Board. . . Any citizen of the municipality may be appointed to membership on the board except

members of the municipal governing authority." Section 1 of the zoning ordinance, which was adopted in virtue of the above act, provides: "That a standing committee to be known as the 'Zoning Committee' is hereby created, the same to be comprised of three members of the council and to be appointed by the Mayor as other members of standing committees are appointed."

The petition alleged that, in pursuance of the ordinance, the mayor appointed three persons, all of whom at the time were and now are aldermen of the city. Accordingly, taking the allegations of the petition to be true, as must be done on general demurrer, the ordinance was void in that it was in direct conflict with section 3 of the act of 1946, supra, and, therefore no lawful zoning committee or board was designated by the municipality.

Counsel for the defendants insist, however, that, if the zoning ordinance was void, the petitioner had an adequate and complete remedy at law, namely, mandamus. There is no merit in this insistence. "If the ordinance was void as alleged in the petition, the defendants could not be required by mandamus to perform any alleged official duty under it." *Adams* v. *Johnson*, 182 *Ga.* 478 (185 S. E. 805). Nor did the case as made by the petition come within the rule that equity will not enjoin a criminal prosecution for the reason that the petition alleged that, unless enjoined, the defendants would, as they threatened to do, enter upon the plaintiff's property and tear down and dismantle any building constructed by him thereon, thus interfering with the property rights of the plaintiff. *New Mission Baptist Church* v. *City of Atlanta*, 200 *Ga.* 518 (3) (37 S. E. 2d, 377); *City of Albany* v. *Lippitt*, 191 *Ga.* 756 (13 S. E. 2d, 807).

"A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed." *Arteaga* v. *Arteaga*, 169 *Ga.* 595 (4) (151 S. E. 5). Applying this principle—the petition set forth a cause of action to enjoin the defendants from interfering with the erection of a filling station by the petitioner, and the trial court erred in sustaining the defendants' general grounds of demurrer, and in dismissing the action.

*Judgment reversed. All the Justices concur.*