## SOUTHERN RAILWAY CO. *v.* TOWN OF TEMPLE *et al.*

No. 18153. Submitted March 9, 1953—Decided April 14, 1953.

*Matthews, Maddox & Bell,* for plaintiff in error.

*Boykin & Boykin, Shirley C. Boykin* and *Marshall L. Allison,* contra.

WYATT, Justice. ■ It is contended that the judgment of the court below sustaining the general demurrer and dismissing the petition without a hearing was error. Code (Ann. Supp.) § 81-1001 provides in part as follows: "The judge at any time

in vacation after the appearance day of the case shall, upon request of counsel for either party, hear and decide all objections made to the sufficiency of the petition and pleas. . . Such hearing may be had at any place in the circuit after due notice to attorneys for the parties." It will be noted that this Code section provides that the judge shall hear and determine all objections to the sufficiency of the pleadings. It is made mandatory that the judge give the parties an opportunity to be heard.

Furthermore, it is fundamental in our law that no one shall be deprived of his life, liberty, or property without due process of law. The right to be heard in matters affecting one's life, liberty, or property is one of the essential elements of due process of law. See *Robitzsch* v. *State of Georgia,* 189 *Ga.* 637 (7 S. E. 2d, 387); *Norman* v. *State,* 171 *Ga.* 527 (156 S. E. 203); *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645). A ruling on a general demurrer is an action affecting the rights of the parties to a suit as vitally as any action taken in our courts. The rights of a party may be precluded by such a ruling.

Since Code (Ann. Supp.), § 81-1001 provides for a hearing on demurrer, and since it is fundamental that a party has a right to be heard before he can be deprived of life, liberty, or property, we must hold that the judgment of the court below sustaining the general demurrer and dismissing the petition without a hearing was error.

In view of the above ruling, the other questions regarding the general demurrer will not be decided.

■ Grounds 2, 3, 4, 5, and 6 of the special demurrer to the answer have been carefully considered and we have found no merit in any of them.

■ Ground 7 of the special demurrer contends that the paragraph numbered 38 of the answer is evasive and unresponsive to the corresponding paragraph of the petition. Paragraph 38 of the petition alleges that the defendants are preparing to issue bonds in an aggregate amount equal to the assessments remaining unpaid. Paragraph 38 of the answer alleges that the defendants are unable to admit or deny the allegations of that paragraph of the petition because they do not know what the

aggregate amount of the unpaid assessments will be. This ground of the special demurrer should have been sustained. The defendants certainly know whether or not they are preparing to issue bonds in the amount of the unpaid assessments. That is a matter which is peculiarly within their knowledge. It was error to overrule this ground of the special demurrer.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*