19319. SIKES *et al. v.* PIERCE, MAYOR, ETC., *et al.*

HAWKINS, Justice. M. H. Sikes and L. K. Keen brought their petition for mandamus to require the Mayor and Aldermen of the City of Dublin to grant to the plaintiffs a building permit for the construction of a gasoline service station upon a described tract of land owned by the plaintiffs in the City of Dublin, alleging that they had fully complied with the requirements of section 462 of the Code of the City of Dublin, which provides that, "When any person shall be desirous of erecting . . . any building or structure within the limits of the City of Dublin, he shall make application at the office of the city clerk for a permit for that purpose," and specifies certain information which shall accompany the application, and which plaintiffs allege was furnished in accordance with the requirements of said ordinance; that the building permit was refused by the mayor and aldermen upon the ground that the property described was zoned for residential purposes only. The petition attacks the purported zoning of the property for residential purposes only upon the grounds, among many others, that neither section 20 of the charter of the City of Dublin (Ga. L. 1937, p. 1771), authorizing the mayor and aldermen of the city to adopt by ordinances a plan or plans for the districting or zoning of the city, nor any of the zoning ordinances adopted thereunder and pursuant thereto, provide for any notice or opportunity for a hearing to be accorded to anyone having an interest or property right in the property affected by the zoning regulation, and were therefore null and void as being in contravention and violative of article I, section I, paragraph II of the Constitution (Code, Ann., § 2-102), which provides that "Protection to person and property is the paramount duty of government, and shall be impartial and complete," and of article I, Section I, paragraph III (Code, Ann., § 2-103), which provides that "No person shall be deprived of life, liberty, or property, except by due process of law," in that they sought to restrict plaintiffs in the free use of their property,

and deprived them of the use of the same for a lawful purpose, the construction and operation of a gasoline filling station thereon, without due process of law. To the judgment sustaining a general demurrer to the petition and dismissing the same the plaintiffs except. *Held:*

1. A gasoline filling station does not constitute a nuisance per se, and when properly constructed and operated is a lawful business. In the absence of valid zoning regulations or restrictive covenants to the contrary, the right to use one's property for a lawful business purpose is a right inherent in the ownership of the property, and is protected by the law. Code (Ann.) § 2-102; *Tucker* v. *City of Ocilla,* 209 *Ga.* 278 (71 S. E. 2d 652); *Davis* v. *Deariso,* 210 *Ga.* 717 (82 S. E. 2d 509).

2. Due process of law, as guaranteeed by article I, section I, paragraph III, of the Constitution (Code, Ann., § 2-103), includes notice and hearing as a matter of right in matters where one's property rights are involved. *Robitzsch* v. *State,* 189 *Ga.* 637 (7 S. E. 2d 387); *Southern Ry. Co.* v. *Town of Temple,* 209 *Ga.* 722, 724 (75 S. E. 2d 554), and "It is a prerequisite to the validity of a municipal ordinance that notice be given and an opportunity for a hearing be accorded to anyone who has an interest or property right in the property which may be affected by the zoning regulation." *Jennings* v. *Suggs,* 180 *Ga.* 141 (178 S. E. 282). See also *Sirota* v. *Kay Homes, Inc.,* 208 *Ga.* 113 (3) (65 S. E. 2d 597).

3. Where, as here, neither the charter of the municipality, which purports to authorize the city to adopt by ordinances a plan or plans for the districting or zoning of the city, nor any of the zoning ordinances adopted under and pursuant to such charter provision, provide for any notice to or opportunity for a hearing to be accorded to anyone having an interest or property right in the property affected by the zoning regulation, they are violative of and contravene the constitutional provisions above referred to, and are therefore null and void.

4. The petition in the instant case alleging that the municipal authorities rejected the application for a building permit on the sole ground that the land was restricted for residential purposes, and such restriction being based on void zoning ordinances, the petition stated a cause of action for a mandamus absolute to require the defendants to issue a building permit, and it was error to sustain the general demurrer and dismiss the petition. *City of Pearson* v. *Glidden Co.,* 205 *Ga.* 738 (55 S. E. 2d 125).

*Judgment reversed. All the Justices concur.*

Argued May 14, 1956—Decided September 7, 1956.

W. W. Larsen, W. W. Larsen, Jr., Herbert Kimzey, Kimzey & Kimzey, for plaintiff in error.

Wm. Malcolm Towson, contra.