19917. SECURITY FEED & SEED COMPANY OF
THOMASVILLE, INC. *v.* NeSMITH *et al.*
19922. NeSMITH *v.* SECURITY FEED & SEED
COMPANY OF THOMASVILLE, INC., *et al.*

HAWKINS, Justice. 1. Under the common law, choses in action, except negotiable securities, were not assignable, and while the common-law rule has been modified by statute in this State so as to permit the assignment of certain classes of choses in action (Code Ch. 85-18; *Central R. & Bkg. Co.* v. *Brunswick & W. R. Co.,* 87 *Ga.* 386, 13 S. E. 520; *Sullivan* v. *Curling,* 149 *Ga.* 96, 99 S. E. 533, 5 A. L. R. 124), by Code

§ 85-1805 it is provided that "A right of action is assignable if it involves, directly or indirectly, a right of property; but a right of action . . . for injuries arising from fraud to the assignor may not be assigned." *Morehead* v. *Ayers,* 136 *Ga.* 488 (71 S. E. 798); *Couch* v. *Crane,* 142 *Ga.* 22 (8) (82 S. E. 459). In *Marshall* v. *Means,* 12 *Ga.* 61 (4) (56 Am. D. 444) it is said: "A bare right to file a bill [in equity] or maintain a suit is not assignable." Thus, where, as here, the purchaser or assignee of accounts receivable brings an action to recover on an open account owing by the defendant debtor to the assignor and assigned to the plaintiff, and in the same action seeks equitable relief to set aside an alleged fraudulent deed to hinder, delay, and defraud his creditors, made by the debtor to his wife prior to the date on which the accounts receivable were assigned to the plaintiff, and also a subsequent loan deed made by the wife to counsel of the defendant to secure an indebtedness due by her to them, the trial judge did not err in sustaining the general demurrer of the defendants to so much of the petition as sought such equitable relief, and in dismissing the same as to all of the defendants except the debtor, as complained of in the main bill of exceptions.

2. By cross-bill of exceptions error is assigned by the defendant debtor upon the judgment overruling his general demurrer to the petition, seeking a recovery against him on the open account, upon the ground that, since the plaintiff joined in one action both its legal and equitable causes of action, the two must stand or fall together, and since the equitable petition was correctly dismissed on general demurrer, the legal claim against the defendant debtor alone should have gone out with the rest of the case. With this contention we cannot agree. Under numerous decisions of this court, a creditor may proceed against his debtor in the superior court for judgment on his demand, and in the same action, if otherwise entitled thereto, for cancellation of the debtor's fraudulent deed, if necessary to enforce the judgment, where the debtor's grantee is a party to the action. *Hyde* v. *Atlanta Woolen Mills Corp.,* 204 *Ga.* 450 (50 S. E. 2d 52), and cases there cited. The petition alleging a good cause of action upon an open account as against the defendant debtor, the trial judge did not err in overruling his general demurrer thereto, for a general demurrer will not be sustained if the facts alleged entitle plaintiff to any substantial relief prayed. *Arteaga* v. *Arteaga,* 169 Ga. 595

(4) (151 S. E. 5;) *Smith* v. *Willoughby*, 204 *Ga.* 570 (1) (50 S. E. 2d 364) ; *Tucker* v. *City of Ocilla*, 209 *Ga.* 278, 280 (71 S. E. 2d 652) ; *Waycross Military Assn.* v. *Hiers*, 209 *Ga.* 812 (1) (76 S. E. 2d 486).

3. The special demurrers not met by amendment were properly overruled.

*Judgment affirmed on both main and cross-bills of exception. All the Justices concur.*

ARGUED JANUARY 13, 1958—DECIDED FEBRUARY 7, 1958.

*Altman & Johnson,* for plaintiff in error.
*C. E. Hay, A. J. Whitehurst,* contra.