20267. MURPHY, Executor, *et al. v.* MURPHY.

CANDLER, Justice. On October 18, 1956, J. T. Murphy, as executor of the estate of W. S. Murphy, and Mrs. Annie Irene K. Murphy, as executrix of the estate of King Murphy, brought an action in the Superior Court of Jackson County against A. J. Murphy. Briefly and in substance, the original petition alleges: W. S. Murphy, King Murphy, and A. J. Murphy — three brothers — had for many years as partners operated a mercantile and farming business in Jackson County under the firm name of T. W. Murphy & Sons. King Murphy died May 5, 1954, and W. S. Murphy died on November 3, 1955. Since the death of the latter, A. J. Murphy, as sole surviving member of the partnership, has made no effort to wind up the affairs of the dissolved partnership, but, to the contrary, has continued an active operation of its business affairs. It is also alleged that the defendant A. J. Murphy is creating new partnership debts; that he is not keeping accurate records respecting the affairs of the partnership or its operation; that he is not accounting or making any reports to the legal representatives of the deceased partners; and that he is insolvent. The prayers of the petition are that a dissolution of the partnership be decreed; that a receiver be appointed to take possession of the partnership assets and administer its affairs; that the defendant be required to render a true and accurate accounting of all partnership affairs including its assets, its indebtedness, and other pertinent data relevant to the status of the partnership; and that the defendant be enjoined from making any further effort toward operating the partnership's business or winding up its affairs. The petition was demurred to generally, on the grounds that it fails to set forth a cause of action against the defendant, and that it alleges no reason for equitable relief since the plaintiffs have an adequate and complete remedy at law. An amendment to the petition, which was allowed on June 17, 1957, alleges that the partnership's mercantile business had been completely destroyed by fire since the original petition was filed; that the loss was covered by fire insurance amounting to $22,776.79; that the defendant as the sole surviving member of the partnership is still operating its farming business notwithstanding more than three years have elapsed since the partnership was dissolved by operation of law. When this amendment was allowed, the

trial judge ordered the defendant to show cause before him on August 2, 1957, why a receiver should not be appointed to wind up the partnership's affairs. He also ordered the partnership's insurance carriers to show cause before him on the same day why they should not be required to pay the proceeds of the policies into the registry of the court, and until said date he enjoined the defendant from continuing to operate any of the partnership's business. On August 2, 1957, the trial judge ordered the two insurance carriers to pay the amount due on the fire policies, namely $22,776.79, into the registry of the court and upon doing so that they be discharged. At the same time, he dissolved the restraining order he had granted on June 27, 1957—the one which enjoined the defendant from continuing to operate any of the partnership's business—and at the same time he continued the hearing insofar as it related to the appointment of a receiver and for an injunction to September 24, 1957.

After this hearing had been adjourned and without any notice to the plaintiffs and without affording them an opportunity to be heard, the trial judge by written order directed the clerk of his court to pay over to the defendant the full amount of the insurance which had been paid into the registry of the court. By this order the defendant was directed to apply the insurance proceeds to the payment of the partnership's obligations.

Subsequently, the defendant presented an application to the judge for leave to sell at private sale a tract of 582 acres, an asset of the partnership which was known as the Hitchcock farm, for the sum of $23,280. As to this application, no notice was given to the plaintiffs and no opportunity to be heard respecting it was afforded them; but on February 28, 1958, the application was granted and the defendant was authorized to sell the land at private sale at and for the amount offered. The order thus granted expressly modified and amended any prior order granted in the case which prohibited the defendant from acting for the partnership respecting its business affairs. It also confirmed the sale so authorized and directed the defendant to apply the proceeds arising from the sale toward the payment of the partnership's debts.

On April 3, 1958, the defendant filed a report with the court, in which he alleged that he had paid to the creditors of the partnership all funds received by him and belonging to the

partnership except $12.19, and his report was approved and confirmed on April 4, 1958, without notice to anyone and without any hearing as to its correctness. However, the papers relating to this sale, its confirmation, and the approval of the defendant's report, were not filed in the office of the clerk of the court until May 6, 1958.

On July 24, 1958, and during the term at which they were rendered, the plaintiffs filed a motion to vacate and set aside the orders of February 28, 1958, and of April 4, 1958, on the ground that they were void and of no legal effect, since they were granted by the judge without notice to them and without affording them any opportunity to be heard in opposition thereto. The motion recited that the defendant had testified during a hearing of the cause before the insurance money was paid over to him and before he received the purchase money for the realty sold at private sale that the partnership debts amounted to approximately $9,000. The defendant by a rule nisi was ordered to show cause on September 5, 1958, why the plaintiff's motion should not be granted.

The defendant's general demurrers, which were renewed to the petition as amended, were heard and sustained on August 30, 1958, and the amended petition was on that date dismissed. The plaintiffs excepted to this judgment and also to the ex parte orders or judgments respecting disbursement of the insurance funds and a private sale of the partnership realty and disposition of the funds received therefrom. *Held:*

1. The Code and the decisions of this court declare that a partnership is dissolved by operation of law on the death of one or more of its partners. Code § 75-107; *Hammond* v. *Otwell,* 170 *Ga.* 832, 833 (154 S. E. 357). In this case there is no contention that the partnership here involved was not dissolved on May 5, 1954, when King Murphy, one of the partners, died. On his death it became the duty of W. S. Murphy and A. J. Murphy to wind up the partnership affairs and come to an accounting with those entitled to participate in a distribution of its assets. And upon the death of W. S. Murphy, which occurred on November 3, 1955, sole responsibility for concluding the affairs of the partnership rested upon the defendant A. J. Murphy. After the death of W. S. Murphy, A. J. Murphy was legally entitled to possession of the partnership assets only for the purpose of winding up its affairs and for a general accounting. Code § 75-109. And for

the purpose of winding up the affairs of a partnership, and coming to an accounting, ordinarily one year from the date of its dissolution ought to be sufficient time. See, in this connection, *Huggins* v. *Huggins,* 117 *Ga.* 151, 159 (43 S. E. 759). We will not here repeat the facts which the preceding statement of this case shows but, testing them by the rulings in *Huggins* v. *Huggins,* supra, *Maynard* v. *Maynard,* 147 *Ga.* 178 (93 S. E. 289, L.R.A. 1918A 81), and *Richter* v. *Richter,* 202 *Ga.* 554 (43 S. E. 2d 635, 173 A.L.R. 436), it is sufficient to say that they clearly state a cause of action for injunction, accounting and receivership. When applied to for relief, a court of equity will not permit the sole surviving member of a dissolved partnership who is himself insolvent to continue an operation of the partnership's business, keep no accurate record of his dealings, incur new partnership debts, and refuse to come to an accounting with those having an interest in the partnership's affairs. Since the amended petition stated a cause of action for the relief sought, it necessarily follows that the trial judge erred in dismissing it on general demurrer.

2. The record in this case shows that the ex parte orders or judgments excepted to are void. Being directly interested in the proceeds derived from the insurance policies and the partnership realty which the defendant was authorized to sell at private sale, the plaintiffs were entitled to notice of any application affecting a change in the status of either and an opportunity to be heard in opposition to the order or judgment prayed for. See Code § 37-1303; *James* v. *Park,* 145 *Ga.* 356 (89 S. E. 416). Where, as here, a party is being divested of property rights by a proceeding instituted by an opposite party to the cause, nothing short of notice of the proceeding and an opportunity to be heard in opposition thereto will satisfy the due-process clauses of the Constitutions of this State and of the United States. This ought to be and is elementary.

3. From our rulings in the two preceding divisions, it follows that the judgments excepted to are erroneous.

*Judgments reversed. All the Justices concur.*

ARGUED NOVEMBER 10, 1958—DECIDED NOVEMBER 19, 1958.

*Sam G. Harben, H. W. Davis, Jack A. Davidson,* for plaintiffs in error.

*Marvin D. Pierce, Jr., Frank Grizzard, Frank A. Bowers,* contra.