## 51592. MILLER v. SELF.

PANNELL, Presiding Judge.

Ruth Self brought an action in trover in the Civil Court of Fulton County against James Miller, doing business as Parkway Motors and Transmission Company, seeking recovery for the alleged conversion of an automobile left by the complainant with the defendant for repairs, which automobile, after a dispute arose about repairs and the amount thereof, appellant sold and purchased himself purportedly under the Abandoned Motor Vehicle Act (Ga. L. 1972, p. 342 et seq; Code Ann. § 68-2301 et seq.). The Act was enacted in eleven sections, sections 10 and 11 being the effective date and the repealer clause.

Subsection (a) of section 1 of the Act reads:

"For the purposes of this Act, an 'abandoned motor vehicle' shall mean a motor vehicle and/or trailer: (a)

Which has been left by the owner, or some person acting for the owner, with an automobile dealer, repairman or wrecker service for repair or for some other reason and has not been called for by such owner or other person within a period of sixty (60) days after the time agreed upon and within sixty (60) days after such vehicle is turned over to such dealer, repairman or wrecker service when no time is agreed upon, or within sixty (60) days after the completion of necessary repairs."

Subsections (b) and (c) have no application to the present case and relate to other types of abandonment than defined in subsection (a). Section 4 of that Act (prior to the amendment of 1975, Ga. L. 1975, p. 913) reads:

"Any automobile dealer, wrecker service or repair service owner, or any person or firm on whose property a motor vehicle is lawfully towed at the written request of a law enforcement officer, who shall have an abandoned motor vehicle on his property, may sell the same at public auction. Upon payment of the sales price, the purchaser shall be entitled to and the person making such sale shall issue to him a bill of sale to such abandoned motor vehicle, free and clear of all liens and encumbrances. Any such purchaser may obtain a certificate of title to any such motor vehicle so purchased by filing the prescribed application, accompanied by a certified copy of the bill of sale, and the payment of the lawful fees therefor, and upon compliance with such requirements by such purchaser, it shall be the duty of the State Revenue Commissioner to issue such certificate of title. Such new certificate of title shall be free and clear of all claims of former owners and lienholders."

Section 5 of that Act so far as pertinent here, reads: "Notice by Registered Mail at least twenty (20) days prior to the date of sale shall be sent to the person or legal entity in whose name the vehicle is registered and to all persons claiming a lien on such vehicle as shown by the records of the State Department of Revenue of Georgia or with corresponding agencies of any other state. In addition, notice of the time and place of such sale shall be given by publication of such notice once a week for two (2) successive weeks in a newspaper of general circulation, published in the county in which such automobile dealer,

wrecker service or repair service owner has its fixed place of business. . . The first publication . . . shall be at least twenty (20) days before the sale."

1. So far as pertinent to the decision rendered herein, the evidence shows Ruth Self left the automobile with the defendant to be repaired at what she understood to be at a cost of $550 for replacing a motor block, etc., plus some additional items. $300 was paid down on the repair price pending the repairs. When notified the repairs were made and she went to secure the automobile she was informed that the amount of repairs was $734.16. Subsequently, a certified check was tendered in the amount of $250, which the defendant refused to accept, and also refused to give an itemization as to the items charged over and above the $550, unless and until the bill was paid in the amount claimed by him. Subsequently, the complainant continued to make payments to the security holder for the purchase price of the automobile and completed paying it. The evidence was uncontradicted that the repairs were made and the offers of payment were made all within the sixty (60) day provisions of the statute defining an abandoned automobile. Under the evidence, therefore, the automobile was not an abandoned automobile as defined in the statute. The sale made was one ostensibly under the abandoned automobile statute and being so it was unauthorized under the facts shown without dispute. The defendant having held such unauthorized sale with knowledge of the facts, and after the sale having had the title placed in him, was guilty of a conversion of the automobile, and the complainant was entitled to recover the highest proven value from the time of conversion to the trial. Code § 107-103. Under this view of the case, we affirm the trial judge in holding that a conversion had taken place and it is not necessary to determine whether the trial judge did or did not err in ruling the sale was a conversion because of the lack of hearing prior to the sale, relying upon Mason v. Garris, 360 FSupp. 420.

2. The trial judge to whom the case was submitted for determination without a jury made no finding of fact as to the value of the automobile (there was no evidence submitted as to its value for hire) and made no finding of any fact which would authorize the grant of attorney fees,

but merely entered judgment for "the sum of $1,195 principal and $300 attorney fees," plus court costs.

The Act approved April 24, 1969 (Ga. L. 1969, p. 645) enacted, as an amendment to the Civil Practice Act (Ga. L. 1966, p. 609), "[A] new Code section to be known as Code section 81A-152," which requires the trial judge to whom the case is submitted to try the facts without a jury to "find the facts specially and state separately its conclusions of law thereon." Such action is mandatory and not discretionary. *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154). We, accordingly, remand this case to the trial judge with direction that he vacate the judgment and that he prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon. Thereafter, the losing party shall be free to enter another appeal if he should wish to do so. *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614 (194 SE2d 490).

*Appeal remanded with direction. Evans and Marshall, JJ., concur.*

Argued January 6, 1976 — Decided February 18, 1976.

*William D. Smith,* for appellant.
*Philip M. Casto. J. Max Davis,* for appellee.