## 34437. GORE v. DAVIS.

UNDERCOFLER, Presiding Justice.

Gore attacks the constitutionality of the Abandoned Motor Vehicles Act, Code Ann. § 68-2301 et seq. (Ga. L. 1972, p. 342; 1975, p. 913; 1977, p. 253) contending the due process requirements of the Georgia and United States Constitutions are offended because nowhere in the statute is there provision for judicial supervision, proper notice or for a hearing prior to or after the deprivation of property under a sale authorized by the Act. He claims the trial court erred in granting summary judgment to the appellee in an action for wrongful conversion. We need look no further than the Georgia Constitution to find Ga. L. 1972, p. 342, as amended (Code Ann. Ch. 68-23) repugnant as lacking due process protections, unconstitutional and void. Art. I, Sec. I, Par. I, Ga. Const., 1976 (Code Ann. § 2-101).

1. "[I]t is fundamental in our law that no one shall be deprived of his life, liberty or property without due process of law. . ." *Southern R. Co. v. Town of Temple,* 209 Ga. 722, 724 (75 SE2d 554) (1953). "Due process of law . . . includes notice *and hearing* as a matter of right . . . where one's property rights are involved." (Emphasis supplied.) *Sikes v. Pierce,* 212 Ga. 567 (94 SE2d 427) (1956). "Where, as here, a party is being divested of property rights by a proceeding instituted by an opposite party to the cause, nothing short of notice of the proceeding and an opportunity to be heard in opposition thereto will satisfy the due process clauses of the Constitutions of this State. . . This ought to be and is elementary." *Murphy v. Murphy,* 214 Ga. 602, 605 (106 SE2d 280) (1958).

In 1972, the General Assembly enacted into law a statutory procedure entitled the Abandoned Motor Vehicles Act as a proper exercise of the police power to resolve the problem caused by abandonment of automobiles by owners or others on the streets, highways or private premises. Code Ann. Ch. 68-23 et seq.; 21 EGL, Abandoned Motor Vehicle Act, Ch. VII, §§ 112-120, pp. 96-99 (1978 Rev.). Code Ann. § 68-2301 defines an abandoned motor vehicle as one left by an owner with a repair service operator over 60 days after the time agreed

upon and over 60 days from time of delivery where no agreement exists, or within 60 days after completion of repairs. Code Ann. § 68-2302 places a duty upon the person seeking to remove or store such a vehicle to make a good faith effort to diligently seek out and identify the owner and notify him the automobile is to be removed. This section provides for advertisement if the owner cannot be found and for sending a description of the vehicle, with its identification number, to the Department of Public Safety. Code Ann. § 68-2304 specifically provides that an abandoned motor vehicle may be sold at public auction by any repair service owner and upon payment of the sales price, the purchaser is entitled to a bill of sale. Upon delivery of a certified copy of this instrument to the Revenue Department, the purchaser is entitled to a new certificate of title, free and clear of all liens, encumbrances, and other claims of former owners and lienholders. Finally, Code Ann. § 68-2305 requires notice of the sale to be by registered mail at least 20 days prior to the sale to the person or legal entity to whom the vehicle is registered and to all persons claiming a lien on the vehicle as shown on the records of the State Revenue Department or corresponding agencies of the state. This section also requires notice of time and place of the sale to be advertised once per week for two weeks in a newspaper of general circulation in the county where the repairman has his fixed place of business. This requirement also must be at least 20 days prior to sale. It must include a complete description of the automobile, and the date and place the vehicle was first taken into possession. After deducting the cost of repairs, towing and storage, the remaining balance, if any, is deposited with the clerk of the superior court and if no claim thereto is made within 12 months it is remitted to local governments. Code Ann. § 68-2308. These statutes, therefore, require notice prior to sale, but they make no provision for a judicial hearing as a matter of right on issues in controversy either prior to or following the sale of the vehicle. Due process does not permit such procedure. See Sharrock v. Dell Buick-Cadillac, Inc., 45 N. Y. 2d 152 (379 NE2d 1169) (1978). Cf. Gillam v. Landriew, 455 FSupp. 1030 (1978).

2. We need not reach appellee's contention that a Fourteenth Amendment claim does not exist here. See Flagg Brothers, Inc. v. Brooks, 436 U. S. 149 (98 SC 1729, 56 LE2d 185) (1978).

3. The trial court did not err in denying plaintiff's motion for summary judgment since there are issues of fact to be decided. Appellant argues he is entitled to a partial summary judgment as to Davis' counterclaim but we find no such motion in the record. But see *King v. Pate*, 215 Ga. 593 (112 SE2d 589) (1960).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Jordan and Hill, JJ., who dissent.*

SUBMITTED JANUARY 12, 1979 — DECIDED APRIL 18, 1979 — REHEARING DENIED MAY 29, 1979.

*Robert W. Mock, Sr.,* for appellant.

*Tennant, Andersen & Davidson, Gerald Davidson, Jr.,* for appellee.

*Arthur K. Bolton, Attorney General, Gerald W. Bowling, Assistant Attorney General,* amicus curiae.

JORDAN, Justice, dissenting.

In my opinion the majority opinion overlooks the manifest intent of the statute. Its provisions apply only when the *owner* of the repaired or stored vehicle cannot be ascertained. The statute requires that the person removing or storing the vehicle "shall diligently seek the identity of the owner and shall notify such owner of the vehicle." Code Ann. § 68-2302. The statute provides that "if the owner cannot be ascertained, the person impounding" can *then* proceed with the advertising and sale of the vehicle and disposition of the proceeds of the sale as provided in the statute.

Clearly, then, if the owner has been ascertained or comes forward to claim the vehicle, the vehicle is no longer an "abandoned" vehicle and the person holding the vehicle cannot proceed under the terms of the statute but must take recourse against the owner as provided by the

lien statutes or other available remedies which provide the owner with notice and hearing to comport with due process.

It was clearly held in *Miller v. Self,* 137 Ga. App. 717 (224 SE2d 823) (1976) that once the owner makes a claim to the vehicle or takes some action to show the vehicle is not abandoned, the vehicle is not an "abandoned automobile" as defined by the statute and that a sale is unauthorized under the provisions of the Act. Therefore, no deprivation of due process can result to "an owner" under the provisions of the Act.

In my opinion the Act is constitutional, and I respectfully dissent.

I am authorized to state that Justice Hill joins in this dissent.