### 60375. MAPP v. FIRST GEORGIA BANK et al.

CARLEY, Judge.

On May 26, 1976, appellant Mapp purchased a 1973 Chevrolet BelAir automobile from one Ed Cook. The automobile had been purchased by Cook from Hopkins Chevrolet, Inc., which in turn had purchased the automobile from Timmers Chevrolet, Inc., pursuant to a sale held under the provisions of the Georgia Abandoned Motor Vehicle Act, Ga. L. 1972, p. 342, as amended (Code Ann. Ch. 68-23).

On October 26, 1976, the automobile was repossessed by the First Georgia Bank (Bank) without the knowledge or permission of Mapp. The Bank claimed that it held a perfected security interest in the automobile which had been created at the time of the initial purchase of the automobile by one C. J. Wilson and which had remained extant despite Wilson's abandonment of the vehicle on the premises of Timmers Chevrolet. The Bank further asserted that it had repossessed the automobile because of a default under the terms of the note to secure which the automobile had been pledged as security.

The repossessed automobile was sold by the Bank on February 25, 1977, without prior notice of the sale to Mapp. On June 23, 1977, Mapp filed suit against the Bank and Cook, alleging that the Bank had illegally converted the automobile and, in the alternative, that Cook had breached the warranty of title accompanying the sale of the vehicle to Mapp. Cook then impleaded Hopkins Chevrolet as a third party defendant.

Mapp, the Bank and Hopkins Chevrolet all moved for summary judgment before trial. In addition, Hopkins Chevrolet moved to be dismissed as a party to the suit. The trial court granted summary judgment in favor of the Bank and Hopkins Chevrolet, but denied Mapp's motion for summary judgment. Mapp has appealed only the denial of his motion and the grant of summary judgment to the Bank.

1. Mapp contends that the trial court erred in applying retroactively to the facts of this case the decision of *Gore v. Davis,* 243

Ga. 634 (256 SE2d 329) (1979) which declared the Abandoned Motor Vehicle Statute unconstitutional. More specifically, Mapp asserts that the trial court erroneously invalidated his title to the automobile in holding that the entire chain of title deriving from the sale of the automobile as an abandoned vehicle was void as a matter of law because of the underlying unconstitutionality of the Abandoned Motor Vehicle Act.

We uphold the trial court's narrow determination in this case that Mapp cannot claim title to the automobile under chain of title having its genesis in a sale pursuant to the Abandoned Motor Vehicle Act. "An unconstitutional statute, though having the form, features, and name of law, is in reality no law. It is wholly void. In legal contemplation it is as inoperative as if it had never been passed. It has been declared that it is a misnomer to call such statute a law. Such a statute confers no authority upon any one, and affords protection to no one." *Dennison Mfg. Co. v Wright,* 156 Ga. 789, 797 (120 SE 120) (1923).

It is precisely the provision of the Act upon which appellant bases his contention that the Bank was stripped of its security interest when the automobile was sold as an abandoned vehicle that was held constitutionally defective in *Gore.* The Bank was never given the opportunity, prior to the sale of the automobile by Timmers Chevrolet, to contest *judicially* the question of the relative interests in the vehicle. As a result, the Bank's property interest was imperiled without a hearing. "These statutes [the Abandoned Motor Vehicle Act], therefore, require notice prior to a sale, but they make no provision for a judicial hearing as a matter of right on issues in controversy either prior to or following the sale of the vehicle. Due process does not permit such procedure." *Gore v. Davis,* supra, 635. One such "issue in controversy" has been recognized by this court to be the matter of security interests: "Thus, the Abandoned Motor Vehicles Act under which the appellant attempted to proceed is grossly deficient in failing to include that class of claimants who own security interests in the vehicle, and also in failing to spell out the rights of an owner or security interest holder who may come in response to the necessary notice and advertisement preceding the auctioning off of the vehicle provided for by that Act." *Atlanta Truck Service v. Assoc. Commercial Corp.,* 146 Ga. App. 170, 171-172 (246 SE2d 2) (1978).

Mapp would have this court validate the chain of title under which he took possession of the subject automobile on the basis of the application of the Abandoned Motor Vehicle Act to a factual situation which epitomizes the very constitutional infirmity of the Act which resulted in its judicial nullification. We decline to so hold.

2. In his third enumeration of error Mapp contends that summary judgment for the Bank was improper because the Bank "converted and subsequently sold, without notice and hearing, appellant's 1973 Chevrolet Belair automobile." In light of our determination in Division 1 of this opinion that Mapp did not at any time have valid title to the automobile, we find no merit in his attack upon the Bank's repossession and subsequent sale of the automobile.

Our disposition of the case in Division 1 of this opinion renders separate consideration of remaining enumerations of error unnecessary.

We are cognizant of of the ostensible harshness of our holding in this case depriving Mapp of property which he had purchased in apparent good faith with no knowledge of the fatal flaw in his chain of title. However, we are bound to follow the laws of this state and the decisions of our Supreme Court even when, as here, the resulting decision effects a hardship upon an apparently innocent party.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 15, 1980 — DECIDED
NOVEMBER 10, 1980.

*Edward J. Bauer,* for appellant.
*Kevin Greene, Robert J. Kaufman, Herbert Shellhouse, Deborah S. Ebel,* for appellees.
Ed Cook, *pro se.*