## S01G1070. CHANEY et al. v. BURDETT et al.
### (560 SE2d 21)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *Chaney v. Burdett*, 248 Ga. App. 668 (548 SE2d 407) (2001), to determine whether, upon the death of one of two partners and the dissolution of a partnership: (1) in the absence of an agreement to continue the business of the partnership, the representative of the deceased partner has the right to liquidate partnership property; and, if so, (2) whether the representative is owed a fiduciary duty by the surviving partner with respect to winding up. We answer these inquiries affirmatively.

The facts leading up to this lawsuit are set forth in the opinion of the Court of Appeals. We summarize them as follows:

Charles Chaney and Lawrence Burdett were equal partners in a partnership known as BMW Partners. The partnership agreement was silent as to the effect of a partner's death on the partnership.

The sole asset of the partnership was real property which the partnership rented to a corporation co-owned by Chaney and Burdett. Pursuant to the lease agreement,[1] the corporation was to pay the partnership $8,000 per month. However, the agreement was not adhered to strictly; after a number of years, the corporation began paying the partnership $9,000 per month — because that is what it could afford to pay. Each partner received one-half of that amount, i.e., $4,500 per month.

Chaney died on April 15, 1998; his wife, Bonnie Chaney, became his legal representative, and she sought liquidation of the partnership assets. Burdett wanted to continue the partnership business and he offered to purchase the estate's interest in it. Thereafter, he informed Chaney in a letter that the corporation would no longer pay $9,000 per month rent because, he claimed, the fair market value of the rent was $4,500 per month. Burdett also claimed that the corporation had overpaid the rent to the tune of $80,000, and that, therefore, the rent would have to be adjusted retroactively to recoup the overpayment.

Chaney brought suit seeking, inter alia, liquidation of the partnership assets, and a determination that Burdett breached his fiduciary duty to her, as the representative of her husband's estate, by adjusting the rent. The trial court awarded summary judgment to Burdett on these issues and Chaney appealed. The Court of Appeals held, in part, that upon the death of a partner in a two-person part-

---

[1] The partnership and the corporation entered into the lease agreement in 1987. It was to be renewed automatically for three successive terms of five years absent written notice to the contrary.

nership, the surviving partner can unilaterally choose to continue the business even in the absence of an agreement to continue the partnership; that, following the death of Charles Chaney, Burdett was the sole partner and he chose to continue the business of the partnership; and that, therefore, Chaney could not compel liquidation of the partnership assets. *Chaney v. Burdett*, 248 Ga. App. 668, 670 (1), supra. It also held that Burdett does not owe a fiduciary duty to Chaney because, as the representative of her husband's estate, she stands as an ordinary creditor of the partnership, not a partner. Id. at 674 (5). We granted a writ of certiorari to consider these holdings, and reverse.

1. A partnership is dissolved upon the death of a partner, unless there is a written agreement of the partners to the contrary. OCGA § 14-8-31 (a) (5). However, dissolution does not spell the termination of the partnership; the partnership continues until the winding up of the partnership business is complete. OCGA § 14-8-30. Thus, if a partnership is dissolved because of the death of a partner, the remaining partner or partners must wind up the partnership affairs. OCGA § 14-8-37; see *Murphy v. Murphy*, 214 Ga. 602, 604 (106 SE2d 280) (1958). During that period, any partner or the legal representative of the estate of a deceased partner has the right to application of the partnership property; the surviving partner is entitled to possession of the partnership assets only for the purpose of winding up its affairs. *Murphy*, supra. That this is so is made manifest by OCGA § 14-8-38 (a), which provides, in part:

> Unless otherwise agreed by the partners in the partnership agreement, at the time of the transaction, or at any other time, including, but not limited to, an agreement to continue the business of the partnership, when dissolution is caused in any way, other than wrongfully either in contravention of the partnership agreement or as a result of other wrongful conduct of a partner, any partner, or the legal representative of the estate of a deceased partner, as against his copartners and all persons claiming through them in respect of their interests in the partnership, may have the partnership property applied to discharge its liabilities and the surplus applied to pay in cash or its equivalent the net amount owing to the respective partners.

See also OCGA § 14-8-38 Comment, Official UPA, which states, in part: "Subsection (a) has been revised to clarify that the right to application of partnership property is available to 'the legal representative of the estate of a deceased partner.' This is consistent with prior Georgia case law."

OCGA §§ 14-8-41 (a) and 14-8-42 do not require a different interpretation of OCGA § 14-8-38. Those sections presuppose either that the partners agreed in writing to continue the business of the partnership, see OCGA § 14-8-31 (a) (5), or that dissolution of the partnership was caused wrongfully.

Inasmuch as there was no agreement to continue the business of the partnership, and dissolution of the partnership was not caused wrongfully, Chaney, as the legal representative of the deceased partner's estate, was entitled to liquidate the partnership property upon the dissolution of the partnership. The Court of Appeals erred in holding otherwise.

2. The law is clear that partners owe a duty to act in the utmost good faith with regard to each other. OCGA § 23-2-58; see *Wilensky v. Blalock*, 262 Ga. 95, 98 (414 SE2d 1) (1992); *Crosby v. Rogers*, 197 Ga. 616 (30 SE2d 248) (1944). This duty does not come to an end upon the dissolution of the partnership. On the contrary, it continues until the affairs of the partnership are wound up. OCGA § 14-8-21; see *Murphy v. Murphy*, supra. It follows that the Court of Appeals erred in holding that Burdett did not owe a fiduciary duty to the legal representative of his deceased partner's estate during the winding up of the partnership business.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 25, 2002.

*James C. Gaulden, Jr., James F. Martin*, for appellants.
*Buker, Jones, Morton & Haley, J. William Haley*, for appellees.