# Court of Appeals
# of the State of Georgia

ATLANTA,  February 06, 2017

*The Court of Appeals hereby passes the following order:*

A16A1989.  RES-GA MCDONOUGH, LLC v. TAYLOR ENGLISH DUMA, LLP
   et al.

Because this appeal is within the exclusive appellate jurisdiction of the Georgia Supreme Court, we TRANSFER the appeal to the Supreme Court.

RES-GA McDonough, LLC (RES-GA) brought a legal malpractice action against the law firm of Taylor English Duma, LLP and individual attorneys John J. Richard and Donald P. Boyle, Jr. (the attorneys). The action arose out of the attorneys' representation of RES-GA in a prior action to collect amounts owed to RES-GA on a 2006 promissory note and guaranties of the note which were originally held by a federally insured bank placed into Federal Deposit Insurance Corporation (FDIC) receivership. RES-GA obtained the note and guaranties in 2010 by assignment from an FDIC assignee, Multibank 2009-1 RES-ADC Venture, LLC, which was a plaintiff in a pending action to collect on the note and guaranties. After being substituted as plaintiff in the pending action, RES-GA added a claim in 2012 against the guarantor under the Uniform Fraudulent Transfers Act (UFTA) (former OCGA § 18-2-70 et seq.) alleging that in 2008 the guarantor had fraudulently transferred property. The malpractice action alleged that, because the attorneys negligently handled the prior UFTA action, RES-GA was damaged by loss of the ability to collect its judgment on the guaranties by execution against property fraudulently transferred by the guarantor.

RES-GA appealed from the trial court's order dismissing the malpractice action on the basis that RES-GA could not prove the third essential element of the action – that the legal malpractice in the prior UFTA action was the proximate cause of the alleged damage to the plaintiff. *Leibel v. Johnson*, 291 Ga. 180, 181 (728 SE2d 554) (2012). Based on the holdings in *Security Feed & Seed Co. &c. v. NeSmith*, 213 Ga. 783 (102 SE2d 37) (1958) and *RES-GA Hightower, LLC v. Golshani*, 334 Ga. App. 176, 178-181 (778 SE2d 805) (2015), the trial court ruled as a matter of law: (1) that the provisions of OCGA § 44-12-24 against assignment of fraud actions precluded RES-GA from bringing the prior UFTA action acquired by assignment from Multibank, and (2) therefore RES-GA had no standing to pursue the UFTA action against the guarantor and no basis to prove that malpractice in the UFTA action proximately caused the alleged damage.

On appeal, RES-GA contends that the trial court erred by rejecting its argument that it had standing to bring the UFTA action because the federal Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA),[1] as applicable to the FDIC and subsequent assignees Multibank and RES-GA, preempts the non-assignment provisions of OCGA § 44-12-24. We conclude that the federal FIRREA preemption issue raised in this appeal gives the Supreme Court of Georgia exclusive appellate jurisdiction. "The preemption doctrine is a product of the Supremacy Clause, see U. S. Const., Art. VI, Cl. 2, which invalidates state laws that interfere with, or are contrary to, federal law." *Norfolk Southern R. Co. v. Zeagler*, 293 Ga. 582, 598 (748 SE2d 846) (2013) (citation and punctuation omitted). Whether federal law preempts a Georgia statute and renders the statute unconstitutional under the Supremacy Clause is an issue that "brings the appeal under [Georgia Supreme

---

[1] Pub. L. No. 101-73, 103 Stat. 183 (codified as amended in various sections of 12 USC).

Court] constitutional question jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)." *Babies Right Start, Inc. v. Georgia Dept. of Public Health*, 293 Ga. 553, 554 (748 SE2d 404) (2013); *Ward v. McFall*, 277 Ga. 649, 651 (593 SE2d 340) (2004).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/06/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*